ERNEST COSTANTINO *vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JULY 30, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review the action of the zoning board of review of Cranston in granting the application of Francis Gilbane, Inc. for an exception under sec. 24 B of the zoning ordinance, chapter 28, city ordinances of 1944. Petitioner is the owner of land within 100 feet of the applicant's land. Upon the filing of the petition, the writ of certiorari, directed to the members of the board, issued and in response thereto they have made return of a certified copy of their records in accordance with general laws 1938, chapter 342, §8.

Those records consist of the application, a transcript of testimony of witnesses at the hearing before the board, and the written decisions of the board stating their reasons for granting the application. The board also transmitted with such records certain exhibits which were admitted in evidence, and also an engineer's plan of the proposed use of applicant's land which was referred to by its witnesses in their testimony. It appears from those records and exhibits that the applicant owns lots 1183 and 1184 on assessors' plat 4, situated at the junction of Park and Cliffdale avenues in a district zoned for dwelling houses. Together those lots form a triangle bounded on the sides by those avenues and on its base by lots 1182 and 1185. Lot 1184 is in the apex of the triangle, and lot 1183 is at its base. There is a gasoline service station on lot 1184, but lot 1183 is vacant and slopes toward lot 1182 which is a cemetery.

According to its application, the applicant desires to demolish the present station on lot 1184 and to build in its place partly on that lot and partly on lot 1183 a modern

service station of a standard design adopted nationally by the Tidewater Associated Oil Company. In order to make the proposed improvement which calls for a station about twice the size of the present one it is necessary for the applicant to use both lots and therefore it requested, under sec. 24, an exception to the requirement of the ordinance which prohibits the use of land for business purposes in a dwelling house zone.

In support of its request Francis Gilbane testified for the applicant at the hearing before the board that the removal of the present station would be a benefit to the neighborhood, and that the new one would be an asset because in addition to its beauty of design and solidity of construction the service station would be conducted under strict supervision so as to prevent the continuance of many disagreeable features of the present station. In support of applicant's request to use lot 1183, he further testified that such lot was necessary to carry out the proposed improvement and that in any event it was not suitable for a dwelling house, situated as it is between a gasoline station and a cemetery. He admitted that it was the applicant's hope that the new station would attract more business than the existing station. He stated that if the exception was not granted business would continue at such station as at present with some slight alterations.

In order to visualize the proposed station shown on the engineer's plan the applicant offered and the board admitted in evidence a circular illustrating it in colors, and two photographs of stations constructed according to a similar plan in the cities of Cranston and Providence. A photograph of the present station which was taken a week before the hearing was also admitted by the board. After the hearing the board took a view of the premises.

Petitioner and other owners of land on Cliffdale avenue within 100 feet of applicant's premises appeared at the hearing and objected strongly to the granting of the exception. In general they testified that the present station was

not an asset to the community and conceded that in appearance the proposed station would be an improvement. Petitioner characterized the present station as "a dump and nothing else" but he nevertheless preferred it to the proposed station because the increased business which it would attract would, according to his testimony, necessarily result in increased noise, gas fumes and confusion, and increased traffic hazards on Cliffdale and Park avenues to the detriment of his property and the neighborhood generally. The testimony of his fellow objectors was of like tenor. They especially opposed allowing applicant to extend his present business use of lot 1184 into lot 1183. When asked by a member of the board what other use applicant could make of such lot situated as it is between a cemetery and a gas station, one objector who had developed the plat replied that a home could be built on it "if a person was foolish enough to do it" but he also admitted, "I don't think you could put up a house there with a gas station right at the side."

After the hearing, which was held on October 14, 1947, the board took the application under advisement. On November 12 they filed a written decision granting the exception, but in view of the fact that the vote of one member who was absent was cast by proxy the city solicitor advised the board that their action was of doubtful legality. Therefore, on November 19, with all members personally present and voting, the board again voted to grant the exception and filed a second decision containing precisely the same reasons therefor and prescribing the same conditions surrounding the exception as was contained in the first decision. This is the only reason why the record contains two decisions.

Petitioner does not challenge the legality of such procedure but challenges the decision on its merits. He contends that the grant of an exception on the evidence here amounts to a usurpation by the board of legislative power because they have extended the boundary lines of zones

fixed by the ordinance; that in extending a nonconforming use they acted contrary to the public welfare as manifested in sec. 10 of the ordinance which expressly provides that a nonconforming use shall not be extended or changed except to a more restricted use; that there is no evidence of unnecessary hardship to the applicant if it is required to comply with the ordinance; that the applicant has presented no evidence that would support an exception under sec. 24 B of the ordinance; that the board's decision fails to set out reasons or grounds therefor so as to enable this court properly to review it; and that the board's decision is arbitrary and unreasonable because it is not based upon facts that are necessary to justify it.

The board's decision is, in our opinion, sufficiently comprehensive and definite, taken in connection with the complete record of the evidence before them, to enable us properly to determine whether they have abused their discretion in granting the exception. It reasonably conforms to the requirements set forth in *Robinson* v. *Town Council*, 60 R. I. 422, and in no way resembles the decision which was disapproved in *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515. After stating in their decision that they had considered the evidence presented at the hearing and had taken a view of the premises, the board expressly found: (1) that the public convenience and welfare would be satisfactorily served and the appropriate use of neighboring property would not be substantially or permanently injured by the granting of the exception subject to certain restrictions; (2) that it was in the public interest to permit the applicant to replace the present outmoded building with a modern filling station since the premises were already being used for a gasoline station; (3) that they deemed the proposed use to be in harmony with the character of the neighborhood and appropriate to the uses of the district; (4) that the value of the surrounding premises would not thereby be depreciated; (5) that the proposed use of the premises is in harmony and consistent with the uses to

which they have been heretofore devoted; and (6) that as to lot 1183 they deemed it necessary that the requirements of the ordinance be modified to secure an appropriate development of that lot.

They attached to the grant of the exception six restrictions with reference to the hours of operation of the station, to the construction of fences at certain boundaries of the premises and sidewalks and curbing surrounding them, and to the storage of gasoline and the use of parts of the premises not required for the station. Those restrictions, in our opinion, were to insure a use of the premises that would not be detrimental to the neighborhood generally and to safeguard neighboring property from injury by reason of the permitted use of the premises as a gasoline station. Their imposition of restrictions on such use is itself a strong indication that the board carefully weighed the evidence before it decided that an exception was warranted in the circumstances. And we think that the decision conclusively shows that it is founded upon a consideration by the board of facts appearing in the record.

Whether those facts were sufficient to preponderate in favor of the applicant's request is not a matter for us to determine in a zoning case which is brought here by certiorari to review the action of the zoning board of review solely on the record before them. *Dunham* v. *Zoning Board,* 68 R. I. 88. In the usual case if there is some evidence in the record upon which the board's decision may reasonably rest it cannot be said that they abused their discretion. Hence petitioner's contention that the applicant has not discharged the burden of proof is without merit in the case at bar.

He complains further, however, that there is no evidence in the record that the applicant would suffer unnecessary hardship if the ordinance was enforced literally and the exception thereto denied. It is true that there is no such evidence. The answer is that it is not required in order to support an application for an exception under the ordi-

nance as distinguished from a variance expressly provided by the enabling act. *Harrison* v. *Zoning Board,* 74 R. I. 135. In that case we pointed out the distinction and there is no need to repeat it here.

The applicant in the case at bar did not seek to prove that it was entitled to a variance and the board considered its application as one for an exception under sec. 24 B of the ordinance. Apparently they relied, in their decision, on paragraphs (5), (8) and (9) of that section. It is expressly provided thereunder: "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows: * * * (5) The extension of a nonconforming use or building upon the lot occupied by such use or building at the time of the passage of this ordinance; * * * (8) In any district any use or building deemed by the said board to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such district; (9) In any district, such modification of the requirements of this ordinance as said board may deem necessary to secure an appropriate development of a lot where adjacent to such lot there are buildings that do not conform to the provisions and regulations of this ordinance."

We do not agree with petitioner that there is no evidence to support an exception under those paragraphs. As to lot 1184 it seems to us that all of the paragraphs are applicable and that there was some evidence in support of each one that would warrant the board to grant applicant an extension of the existing noncomforming use thereon. As to lot 1183, having the gasoline station on one side and the cemetery on the other, a case for an exception under paragraph (9) was presented, especially since there was evidence that it would be difficult if not impossible in the circum-

stances to develop that lot for a dwelling house. At least we cannot say that the board abused their discretion in allowing the exception on the evidence before them.

Nor do we agree with petitioner that the board's grant of an exception in the circumstances amounts to a usurpation of legislative power. The board has not changed or extended the boundary lines of a zone fixed by the ordinance. They have merely, in the exercise of their judicial discretion, granted, subject to specific restrictions, a special exception in accordance with the express provisions of the ordinance authorizing them so to do. The lines of the zone remain the same.

The power thus conferred upon the board is, indeed, very broad and can easily be abused. Therefore it has been generally held, as argued by petitioner, that such exceptions should be sparingly granted. But that merely means that in any given case unless there is substantial evidence to justify the exception the board's decision will be reversed, not, however, because they illegally exercised legislative power but because they abused their discretion in exercising the legal power delegated to them under the ordinance. All of our cases are to that effect and no language in *Fiske* v. *Zoning Board of Review,* 72 R. I. 217, or any other case in this state, is to be understood as intending to imply that the board may not, in a proper case, authorize a nonconforming use in a district where the ordinance expressly forbids such use. Petitioner has simply misinterpreted the cases which he cites, if he contends, as we understand he does, that they support such a view. In any event we are satisfied from our consideration of the record in the case at bar that the board did not exceed the authority vested in them by the ordinance.

We are also of the opinion that the petitioner misinterprets or misconceives the intention of sec. 10 of the ordinance in contending that the board acted contrary to the public welfare, as manifested by that section, in allowing the extension of a nonconforming use. The part of that section

upon which he relies is quoted in his brief as follows: "- - - A non-conforming use shall not be extended - - -. A building arranged, designed or devoted to a non-conforming use at the time of the passage of this Ordinance may not be reconstructed or structurally altered to an extent exceeding in an aggregate cost during any ten year period, 60 percent of the then fair value of the building unless the use of said building is changed to a conforming use. A non-conforming use shall not be changed unless changed to a more restrictive use - - -."

That language has no application to a case like the one at bar. It limits what may be done as of right by the owner of land enjoying a nonconforming use in a restricted district. It does not limit the board's power to grant, in a proper case, an exception to the requirements of the zoning ordinance. Of course, before granting an exception the board must be satisfied first that the public welfare and convenience will be thereby served and the neighboring property will not be substantially or permanently injured. We are aware of no case in this state which supports the broad contention which petitioner advanced here. He has cited a number of cases from other states which he claims support his contention. At least one of them, however, actually follows the view which we expressed above. *DeVito* v. *Pearsall*, 115 N.J.L. 323.

In that case the landowner was not applying to the board of adjustment for an exception to the zoning ordinance but, on appeal, was claiming the right to replace an old building under a nonconforming use with a new and much larger building notwithstanding the express prohibition of the ordinance. The court sustained the board in refusing a building permit. We have not examined the other cases which petitioner cites as there is no necessity for our doing so since there is no doubt in our minds as to the proper construction of the ordinance before us, but if those cases are similar in their facts to the *DeVito* case and involve a

claim of right and not one addressed to the board's discretion, they are clearly not in point here.

Applicant in the instant case makes no claim that it is entitled as of right to a permit to extend its present nonconforming use. On the contrary, it recognizes that it is forbidden to do so by the ordinance and requests the board for a special exception thereunder. While the petitioner has cited *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, as supporting his contention, it clearly does not. In that case this court expressly recognized that the board had the discretionary power to vary the terms of the ordinance in a proper case. It cautioned, however, that the board could not under the guise of granting a variance nullify the ordinance, which was but another way of saying that the grant of a variance arbitrarily without evidence to support it would constitute an abuse of the board's discretion and would be reversed. That is the well-established law in this state, and it applies to the exercise of the board's discretion in granting exceptions as well as variances.

The only ground open to the petitioner here is to show that the board abused its discretion in granting the instant exception. On that question he has the burden. In our opinion he has failed to discharge it. Here the record shows that the proposed station would be an improvement of the locality and replace an admitted eyesore. The record also shows that some if not all of the inconveniences to the objectors caused by the unsupervised conduct of the present station will be eliminated by strict supervision of the proposed station and by reason of the restrictions imposed by the board.

The preference of the objectors for the continuance of the existing use because of the probable increased business which would be attracted to the new station was not controlling upon the board. As in the recent case of *Crudelli* v. *Zoning Board of Review,* 73 R. I. 301, it was for them to say in the exercise of their sound discretion on all the evidence, including their own view of the premises, whether

the public interest would be served without injury to the neighboring property if the exception was granted. Since there was ample evidence in the record upon which they could reasonably base their decision granting the exception we cannot say that it constituted an abuse of discretion.

The petition is denied and dismissed, the decision of the board is affirmed, and the writ heretofore issued quashed.

*Irving Winograd,* for petitioner.

*Richard F. Canning,* City Solicitor, for respondent.