Leo Nutini *et al. vs.* Zoning Board of Review of the
City of Cranston.

JULY 25, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.  This is a petition for certiorari to review the decision of the zoning board of the city of Cranston granting an application for an exception under the zoning ordinance of said city and permitting the applicants to erect a dental office building on vacant lots numbered 2756, 2757 and 2758 on assessor's plat No. 9, section 3.  The petitioners are residents of the immediate neighborhood, some of whom appeared at the hearing before the board and objected to the application.  Pursuant to the writ all the pertinent records have been certified to this court.

The land in question is located on the easterly side of Reservoir avenue and is zoned for dwelling house purposes.  One of the applicants is a practising dentist who proposes to erect on the above-mentioned lots a dental office building to accommodate three dentists.  The estimated cost of such building is $40,000 to $45,000.  These dentists would work together as a group but each would have his own separate practice.  The proposed building would be set back 50 feet from Reservoir avenue and its dimensions would be approximately 60 feet 6 inches by 27 feet 6 inches.

At the conclusion of the hearing the board considered the matter and with one member dissenting granted the application.  In its decision the board relied upon section 24 B and subparagraph (8) thereof of the zoning ordinance of the city of Cranston, which reads in part as follows:

"Sec. 24.  Powers of board of review.
B.  Special exceptions.  When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows: * * *
(8)  In any district any use or building deemed by the said board to be in harmony with the character

of the neighborhood and appropriate to the uses or buildings authorized in such district * * *."

In applying that ordinance the board found as follows:

"1. The proposed building is substantially residential in character and construction and is in harmony with the character of the neighborhood and appropriate to the uses and buildings authorized in such district.

2. The erection of the proposed building and the proposed use to which it will be put will not adversely affect the value of neighboring property.

3. The public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured by the proposed use."

Petitioners contend first, that the decision of the board is erroneous, arbitrary, illegal and capricious in that the board either disregarded or misconceived pertinent and material facts necessary for a valid decision; and second, that the decision is illegal and void because the applicants are not entitled to an exception or a variation under the zoning ordinance.

In attacking the findings of the board the petitioners take the position that the words "public convenience and welfare" as used in section 24 B should be given only a local application when used in connection with zoning ordinances. They contend that the members of the "public" referred to in the ordinance comprise only those persons residing in the immediate neighborhood, and that since the proposed dental office will serve persons coming from some distance, the use cannot be said to serve the "public" convenience and welfare. Petitioners argue in effect that the phrases "public convenience and welfare" and "use of neighboring property" refer in both instances only to the immediate neighborhood.

We cannot agree with this contention. Such a narrow construction of the meaning of these phrases is unwarranted. In our opinion the scheme of the ordinance is to require two different kinds of findings on the part of the board:

first, as to the interests of the general public, and second, as to the interests of a particular neighborhood.

The proposed dental building is to be located on a main highway and will have parking facilities for eighteen cars. In such circumstances a building housing dental offices devoted to the care and improvement of public health will substantially serve the interests of the general public as well as the residents of the immediate neighborhood, and there is ample evidence in the record to sustain the board's finding to that effect.

In reaching its conclusion the board was entitled to take into consideration the following factors among others: (1) Under section 5 of the ordinance it is provided that the office of a dentist as well as other professional persons may be located in the dwelling or apartment used by the dentist or such other professional person as his private residence. The city council has thus recognized that the practice of the profession of dentistry is not of itself out of harmony with a residential neighborhood and that such services as a dentist renders can be carried on in a residential district without detriment to the neighboring properties. (2) The proposed structure is substantially residential in character, as evidenced by applicants' exhibit showing a drawing thereof. An examination of such exhibit makes it apparent that, from a structural as well as an aesthetic viewpoint, the building will be in harmony with the neighboring residential properties. (3) The building is to be located on Reservoir avenue, a main artery carrying hundreds of motor vehicles every day. The additional traffic thus created will not be of sufficient volume to constitute a substantially increased hazard or detriment to the use of neighboring property. (4) Other uses authorized in the same dwelling house area are clearly similar in character to the proposed use. Two of the buildings immediately to the south are tourist homes now in actual operation and a third tourist home has been authorized. There is also a doctor's home and office.

This court has consistently held that the action of a zoning board will not be set aside unless it appears that the board has acted arbitrarily and abused its discretion. On that question a petitioner in certiorari has the burden. *Costantino* v. *Zoning Board of Review*, 74 R. I. 316. In our opinion petitioners here have failed to discharge that burden. From a careful examination of the transcript we cannot say that the board has failed to consider or has disregarded any material evidence. There appears to be competent evidence in the record to sustain the board's findings.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records and papers certified to this court are ordered sent back to the respondent board.

*Edmund J. Carberry, Jr., Aram A. Arabian,* for petitioners.

*Richard F. Canning,* City Solicitor of Cranston, for respondent.