FRANK D. FRATANTUONO *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

MARCH 31, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

450

PAOLINO, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Cranston denying the petitioners' application for an exception or variation under the zoning ordinance to permit the use of certain land for the construction of a medical and allied services building on lot numbered 2993 on assessor's plat No. 11/6. Pursuant to the writ the pertinent records have been certified to this court.

The petitioners' land is located on the westerly side of Reservoir avenue at the corner of Coulters road in a residential district. It has a frontage of 100 feet on Reservoir avenue and 90.77 feet on Coulters road with a total area of 7,977 square feet. It is bounded on the south by Coulters road, on the north and west by private residences, and is located almost in the middle of a residential area approxi-

mately 1800 feet in length extending along the westerly side of Reservoir avenue.

Reservoir avenue is a main artery for traffic north and south. The petitioners' land is within 100 feet from an area diagonally across the street on Reservoir avenue which is zoned for business and which extends in a northerly direction along Reservoir avenue toward the city of Providence for a distance of approximately 800 feet.

One of the petitioners is a practicing physician. He plans to erect the proposed structure to accommodate himself and possibly one or two associates. He does not intend to rent office space to other doctors.

A sketch and drawing of the building is in the record. The estimated cost is $40,000 to $45,000. The proposed building would consist of a kitchen unit and thirteen rooms including a waiting room, offices, examining rooms, X-ray rooms, and rooms for other incidental uses. The building would be set back from both Reservoir avenue and Coulters road. Its dimensions would be 68 by 26 feet, and it would be erected in the northeasterly portion of the lot with a driveway in front on the Reservoir avenue side and off-street parking facilities for at least six cars on the westerly portion of the lot to the rear of the building.

At the hearing before the board the petitioning physician stated that 65 to 70 per cent of his practice was in the city of Cranston and that his office in Providence was inadequate for his professional needs. A qualified architect and a real estate expert appeared for petitioners. Their testimony was in substance that in their opinion the proposed building would architecturally blend in with the residential properties in the surrounding neighborhood; that the proposed use would not depreciate the value of surrounding properties or adversely affect traffic conditions in the area; that it would not substantially or permanently injure such neighboring properties; and that it would substantially serve the public convenience and welfare.

Several property owners living in the immediate vicinity appeared in opposition to the application. Their objections were based mainly on the ground that they did not want business uses encroaching upon the strictly residential character of the neighborhood.

It is clear from the record that petitioners were requesting a special exception under the ordinance and that the board treated the application as such and relied upon chapter 31, sec. 27 B, subparagraph (8), of the 1954 revised zoning ordinances, the provisions of which read as follows:

"Sec. 27. Powers of board of review.

\* \* \*

"B. *Special exceptions.* When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:

\* \* \*

"(8) In any district any use or building deemed by the board of review to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such district."

Acting under such authority the board denied the application. In giving its reasons therefor it stated that it had given careful consideration to the evidence presented at the hearing; that it had viewed the premises involved and the surrounding neighborhood; and that it had taken into consideration the fact that the character of the immediate neighborhood was essentially residential. The board further stated that after such consideration it found that the special exception as requested would not substantially serve the public convenience and welfare; that it would substantially or permanently injure the appropriate use of neighboring property; and that it would not be in harmony with

the character of the neighborhood and appropriate to the uses or buildings authorized in that district.

The petitioners contend that the findings on which the board based its decision are so arbitrary and unreasonable as to constitute a clear abuse of discretion. We shall first consider their contention with respect to the finding that the proposed use would not substantially serve the public convenience and welfare. In the absence of anything in the record indicating that the board used the phrase "public convenience and welfare" restrictively so as to apply only to the immediate neighborhood, we must assume that it used such phrase properly in accordance with the construction placed thereon by the court in *Nutini* v. *Zoning Board of Review*, 78 R. I. 421, 423. There is no merit in petitioners' claim that the board did otherwise.

Generally speaking it is true, as petitioners contend, that a physician's office will substantially serve the interests of the general public. But the problem before the board on this issue was whether the public interest required the location of such office on the land in question. Under the provisions of the pertinent ordinance it was incumbent upon petitioners to prove to the satisfaction of the board that the proposed use on that particular lot would be in the public interest. *Parker* v. *Zoning Board of Review*, 90 R. I. 166, 156 A.2d 210.

The petitioners refer to certain language of the court in the *Nutini* case where, at page 424, we approved the decision of the zoning board finding that a dental building on the land involved would substantially serve the interests of the general public as well as the residents of the immediate neighborhood. There are substantial factual differences between the *Nutini* case and the one at bar. It cannot therefore reasonably be said that the court's statements in the *Nutini* case necessarily apply to the instant case. Comparisons in zoning cases must be made with extreme caution because by the very nature of the problems arising

therein each application must be decided upon its own facts.

There is nothing in the record here indicating a complete absence of medical facilities in the city of Cranston. In fact there is evidence that such facilities are available in locations not too distant from petitioners' land. In such circumstances we cannot say as a matter of law that the public convenience and welfare require that the proposed use be located on the land in question or that the board abused its discretion in finding that such use would not substantially serve the public convenience and welfare. See *Budlong* v. *Zoning Board of Review*, 89 R. I. 431, 153 A.2d 127, 129.

The petitioners also contend that the board abused its discretion in finding that the proposed use would substantially or permanently injure the appropriate use of neighboring property and that it would not be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in that district. They argue that there is no evidence in the record to support such findings. We cannot agree with petitioners on this issue. There is some evidence by the objectors indicating that motor vehicles using the proposed parking area would create a traffic problem on Coulters road and would interfere with adjoining property owners. Moreover the board is presumed to have special knowledge of its own community.

It is reasonable to infer that in making its findings the board acted upon such special knowledge of the district in question as well as upon what it saw on its view of the area. It clearly indicated in its decision that it gave particular consideration to the fact that the character of the immediate neighborhood was essentially residential. The question of the weight of the evidence is not before us. If there is some evidence in the record upon which the board's decision may reasonably rest it cannot be said that it abused

its discretion. *Costantino* v. *Zoning Board of Review,* 74 R. I. 316, 322.

Reference has been made by petitioners to the fact that under sec. 7 of the ordinance a doctor's office is permitted in a residential district as an accessory use in a dwelling occupied by such doctor as his private residence. They contend that the board overlooked or misconceived this fact, and further that it disregarded certain language in the *Nutini* case where the court, in referring to such accessory use, stated at page 424: "The city council has thus recognized that the practice of the profession of dentistry is not of itself out of harmony with a residential neighborhood and that such services as a dentist renders can be carried on in a residential district without detriment to the neighboring properties." The petitioners argue that the quoted language is applicable to the facts in the instant case and that the board erred in disregarding such facts.

We do not agree with petitioners' conclusions in this regard, since a reading of the entire text of the paragraph in which the quoted language appears in the *Nutini* case clearly indicates that the court was merely pointing out several factors which it felt the board could consider in reaching its conclusion on the finding in question. The court there stated that the board could take into consideration the fact that the office of a dentist as well as that of any other professional person could be located in a dwelling or apartment in a residential district used by such professional person as his private residence.

There is nothing in the record indicating that the board failed to consider such factor in the instant case. In the circumstances we must assume that it was familiar with the provisions of the ordinance and that it gave consideration to the provisions of sec. 7 as they applied to petitioners' land. Under the pertinent provision of the ordinance it was the board's duty to determine whether a special exception should be granted as requested. It took a view of the

premises and neighboring area. It found that the proposed use and building, being in such close proximity to strictly residential properties, were not in harmony with the essentially residential neighborhood, and that therefore such use, which was clearly more than just a doctor's office, could not be carried on without detriment to the neighboring properties.

In our opinion there is competent evidence to support all of the board's findings. After carefully examining the record we cannot say that it overlooked or misconceived any material evidence. It is well established that the action of a zoning board will not be set aside unless it appears that such board has acted arbitrarily and abused its discretion. On that question a petitioner in certiorari has the burden. *Costantino* v. *Zoning Board of Review,* 74 R. I. 316. We are of the opinion that the petitioners have failed to sustain that burden.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records certified to this court are ordered sent back to the board.

ROBERTS, J., concurring. I agree with the conclusion reached by the majority and desire to state separately my reason for such concurrence.

The authority of a zoning board of review to make special exceptions to the terms of a zoning ordinance is limited to those exceptions "upon which such board is authorized to pass under such ordinance." General laws 1956, §45-24-19. The local legislature here, by virtue of that provision of the enabling act, provided in sec. 27 B of the ordinance that "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of *neighboring property will not be substantially or permanently injured,* the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special excep-

tions to the regulations herein established as follows * * *." (italics mine)

Therefore it is my opinion that when the board of review makes a proper finding, as the majority hold that it did here, that granting the exception would substantially or permanently injure neighboring property, by the terms of the ordinance it is without authority to act affirmatively on the petition. See *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 155 A.2d 333.

*Anthony C. Fratantuono*, for petitioners.

*Frank W. Golemba*, City Solicitor, *James DiPrete, Jr.*, Assistant City Solicitor, for respondent.