228 A.2d. 859.

SARAH BAKER *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

APRIL 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for certiorari brought to review a decision of the respondent board which granted an application for an exception under the zoning ordinance for the conversion of a substantial three-story one-family house and its large garage into eleven doctors' offices and three town house type apartments. Pursuant to the writ the pertinent records have been certified to this court. The offices would be located in the former dwelling, the apartments in the remodeled garage which is to the rear of the house. The premises, which contain close to 25,000 square feet of land, are located on the northwest corner of Butler avenue and Medway street and have been vacant for over twenty years. This is a residential area and the pro-

posed commercial endeavor can only be permitted by way of a special exception.

Section 92 of the zoning ordinance provides that the board may grant a special exception "when in its judgment the public convenience and welfare will be substantially served, or the appropriate use of neighboring property will not be substantially or permanently injured * * *." In *Kelly* v. *Zoning Board of Review*, 94 R. I. 298, 302, we stated that when a board of review passes upon an application for an exception under an ordinance containing this provision, or one similar thereto, it is required to make a finding as to whether or not a grant of the exception would substantially or permanently injure neighboring property.

The respondent board's decision granting the instant application is utterly devoid of any reasons for its actions. Although the board made an on-site inspection of the subject property, the result of its effort in this regard is not shown on the record. The only witness in support of the application was an executive of the corporation which would eventually own and operate the proposed enterprise. He stated that affirmative action by the board "would increase property values * * *." This bare statement given without other supporting evidence or any qualification in the record as to the expertise of this witness represents a conclusion completely lacking in any probative force of the requirement set forth in *Kelly, supra*, and upon which the action of the respondent board must be based. *Melucci* v. *Zoning Board of Review*, 101 R. I. 649, 226 A.2d 416. We have searched the record and cannot find any competent evidence upon which an implied finding of the condition precedent to the granting of the instant exception can rest. The board in granting the relief here sought has abused its discretion.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered re-

turned to the respondent board with our decision endorsed thereon.

*Cohen & Chaika, Elliot S. Cohen,* for petitioner.

*Robert J. McOsker, Edward F. Malloy,* for respondent.