236 A.2d 253.

EMILIO D. IANNUCCILLO *vs.* ZONING BOARD OF REVIEW
OF THE TOWN OF WARREN.

DECEMBER 19, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.  This is a petition for certiorari to review the decision of the respondent board denying the petitioner's application for a special exception.  He sought permission to convert an existing nonconforming two-family building in a residence A zone into a multiple dwelling of four units. The writ issued and pursuant thereto the pertinent records have been certified to this court.

A multi-family dwelling is not a permitted use in a residence A zone, but under sec. 3-4-2 of the zoning ordinance

two-family dwellings and multiple dwellings or apartment houses are permitted in such zone by special exception. In his application petitioner specified that he was seeking a special exception pursuant to the provisions of secs. 3-4-2 and 6-2-7 of the ordinance. Section 6-2-7 is the section of the ordinance which empowers the zoning board to grant special exceptions under the conditions therein specified. It reads as follows:

> "Special Exceptions: The Zoning Board of Review shall have the power to grant special exceptions under the following conditions:
>
> "(a) Such special exceptions shall be granted when in the judgment of the Board the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured.
>
> "(b) Such special exceptions shall be granted only in specific cases, after public notice and hearing and subject to appropriate conditions and safeguards.
>
> "(c) Such special exceptions shall be granted only to the extent and in the specific situations hereinafter enumerated in the following sections."

After the hearing the board filed a written decision denying the application and setting forth the reason for its action. The petitioner contends that the board's decision is erroneous. We do not agree. For reasons which we shall discuss presently, we affirm the decision of the board but do not pass on the grounds upon which it relied.

[1]     In a long line of cases we have held that an applicant for relief under the ordinance has the burden of presenting competent evidence to establish entitlement to relief. *Caldarone* v. *Zoning Board of Review*, 95 R. I. 485, 187 A.2d 924. Under the pertinent provisions of the Warren ordinance, the burden was on petitioner to present competent evidence to establish that by granting the special exception which he sought, the public convenience and welfare would be substantially served and the appropriate use of neighbor-

ing property would not be substantially or permanently injured. *Fratantuono* v. *Zoning Board of Review,* 90 R. I. 449, 159 A.2d 378.

The record contains no evidence whatsoever to establish that the proposed use would substantially serve the public convenience and welfare and that it would not substantially or permanently injure the appropriate use of neighboring property. Indeed the record, as certified to this court, contains neither a transcript nor an adequate summary of what transpired at the hearing before the board. Nor is there any information in the application, or elsewhere, tending to establish compliance with the conditions precedent prescribed in the ordinance. Compare *Gardiner* v. *Zoning Board of Review,* 101 R. I. 681, 226 A.2d 698. Absent such evidence, the board was without authority to grant the special exception. *Baker* v. *Zoning Board of Review,* 102 R. I. 134, 228 A.2d 859. As the court said only recently in *Melucci* v. *Zoning Board of Review,* 101 R. I. 649 at 651, 226 A.2d 416 at 418:

> "These standards having been enunciated, they provide the limits within which the board must exercise its discretion and they become conditions precedent which must be satisfied prior to any affirmative action. * * * It is settled that prior to an affirmative action in granting an exception a board must make findings with respect to such conditions precedent as the ordinance prescribes. * * *"

In the case at bar there is no evidence in the record upon which the board could base a finding that the conditions set forth in the ordinance had been met. Indeed, petitioner admitted in his oral argument that he presented no evidence with respect to these conditions. As we have stated previously, the board consequently lacked authority to act affirmatively.

We are cognizant of the fact that the absence of a transcript is due to the board's failure to furnish a stenographer or a stenographic record or even a brief summary of what

transpired at the hearing. In this regard the board has failed to comply with the provisions of G. L. 1956, §45-24-15, which provides that:

> "The board shall keep minutes of its proceedings, showing the vote of each member upon each question or, if absent or failing to vote, indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be filed immediately in the office of the board and shall be a public record."

In *Jacques* v. *Zoning Board of Review,* 64 R. I. 284, 288, 12 A.2d 222, 224, we said:

> "* * * The zoning statute and ordinance here involved do not require a board of review to keep such a [stenographic] record. However, in the case of *Robinson* v. *Town Council of Narragansett,* 60 R. I. 422, at page 437, this court had occasion to say that, in the interests of justice, zoning boards of review should at least keep 'a fair report or reasonably accurate summary of the oral testimony or facts brought before them or otherwise known to them, upon which they are to base their decision. * * *' "

See also *Russell* v. *Zoning Board of Review,* 100 R. I. 728, 219 A.2d 475, where this court quashed the decision of a zoning board because the board's summary was found to be inadequate. Although the board has erred with respect to this matter, such error is not prejudicial to petitioner.

As we have already noted, petitioner conceded in oral argument before us that he presented no evidence of compliance with the conditions-precedent required by the ordinance. Therefore, even if the board had supplied this court with an adequate summary of the proceedings below, there would still be no evidence of compliance with the conditions-precedent set forth in the ordinance and therefore, on this record, the court was without authority to grant affirmative relief.

It may be helpful to point out here that although there is nothing in the enabling act requiring a zoning board to make a stenographic record of hearings before it, it is equal-

ly true that nothing in the act prohibits parties appearing before it from making, or causing to be made, at their own expense, stenographic recordings of such hearings. See *Robinson* v. *Town Council*, 60 R. I. 422, 199 Atl. 308. We believe that a practice of this nature will be of great aid to the parties involved in such matters, as well as to the court, in the furtherance of justice in zoning cases.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Emilio D. Iannuccillo*, pro se, for petitioner.

*Pasquale T. Annarummo*, Town Solicitor, for respondent.