HERBERT J. HEFFERNAN *vs.* ZONING BOARD OF REVIEW OF CITY OF CRANSTON.

FEBRUARY 13, 1929.

PRESENT: Sweetland, C. J., Sweeney, and Barrows, JJ.

28

SWEETLAND, C. J. The above entitled cause is a petition for a writ of *certiorari* to review a certain decision of the respondent board.

The decision was one denying the application of the petitioner that the respondent authorize an exception or variation of the zoning regulations of the city of Cranston which would permit the petitioner to erect a building for business purposes upon land belonging to the petitioner in Cranston, which land under the provisions of the zoning ordinance is included in a residential district.

The application is before us for the second time. In our former opinion (*Heffernan* v. *Zoning Board of Review*, 49 R. I. 283) we have set out at length the essential facts in the case. The application of the petitioner is not based upon a claim of right, but is made in reliance upon the provisions of the zoning ordinance, which gives to the respondent discretionary power to authorize the exception or variation which the petitioner seeks. When the application was before the respondent board for the first time, the board was of the opinion that it was without jurisdiction to grant the application. Upon review we held that decision to be erroneous, and remitted the matter to the respondent with direction to grant a hearing to the petitioner, and then to make a decision upon the merits of the application. This the respondent board has done and has denied the application. The petitioner is again before us seeking a review.

In our former opinion we endeavored to point out to the petitioner the nature of the essential issue presented to us upon his petition for a review of the board's determination upon this application, which was addressed solely to the respondent's discretion, and we there tried to indicate the

distinction between that issue and one which would arise upon a claim of right on the petitioner's part. In disregard of our former opinion, the argument before us of counsel for the petitioner was largely based upon the claim of an infringement of the petitioner's constitutional rights, in the establishment of a zoning regulation which prevented the use of the petitioner's property for business purposes.

We have held that the enabling act of the general assembly in reliance upon which the zoning ordinances of the various cities and towns have been adopted was not unconstitutional in so far as it authorized the division of a municipality into separate districts for residential, business and industrial uses; and that an ordinance, which reasonably conformed with those permissive provisions of the act, constitutes a proper exercise of the delegated police power of the State. *City of Providence* v. *Stephens*, 47 R. I. 387.

The zoning ordinance of Cranston grants discretionary power to the respondent board to authorize in a special case such a variance in the application of the provisions of the ordinance as will not be contrary to the public interest and will prevent unnecessary hardship, "so that the spirit of the ordinance shall be observed and substantial justice done." In considering an application for such variance the board must treat the provisions of the ordinance as constitutional and reasonable, and should regard the particular provisions under consideration before it as, in general, representing the public interest. The expressions "contrary to the public interest" and "unnecessary hardship" must be given a reasonable interpretation. As the provisions of the ordinance represent a declaration of public interest, any variance would in some measure be contrary thereto. In this connection the words "contrary to the public interest" should be interpreted to mean what in the judgment of a reasonable man would unduly, and in a marked degree conflict with the ordinance provisions. As to the words "unnecessary hardship," it may be said that each of the restrictions of the ordinance upon what would otherwise be a lawful use of

one's property might be termed a "hardship" to the owner. We regard the term "hardship", as used in the ordinance, to have some reference to the degree of the interference with ordinary legal property rights, and to the loss or hardship which would arise therefrom. We think the expression should be interpreted to refer to a "hardship" peculiar to the situation of the applicant, which is of such a degree of severity that its imposition is not necessary to carry out the spirit of the ordinance, and amounts to a substantial and unnecessary injustice to the applicant.

In appealing to the discretion of the board of review for a variance of the provisions of the ordinance the burden was upon the petitioner to satisfy the judgment of the board that such variance would not be unduly in conflict with the public interest as expressed in the ordinance, and also that the literal enforcement of its provisions would result in a peculiar hardship or loss to him of a very serious character, the imposition of which was not required for the purpose of enforcing the general scheme of the ordinance and hence amounted to the placing of an unnecessary hardship upon him.

After public notice the respondent gave a hearing on the petitioner's application. According to the record certified to us the petitioner presented nothing to the board beyond the argument of his counsel that the growth of Providence necessitated that Warwick avenue at the point in question will become "more and more a business district," and also that the application should be granted on the ground that no objection could reasonably be made to the application. The first of these arguments is clearly irrelevant, for Warwick avenue at this point has been made a residential district by the ordinances of the city council of Cranston. The zoning board of review is without power to nullify the ordinance under the guise of "variances." The board cannot vary the ordinance save in accordance with the provisions giving it such discretionary power. As to the second claim, it appears that a large number of residents in

that vicinity came to the hearing, and did vigorously remonstrate against the granting of the application, and insisted that the district is and ought to be allowed to remain a residential district. Such remonstrances of the landowners are by no means conclusive upon the judgment of the board, and can not control its action. Yet the terms of the enabling act and of the zoning ordinance clearly contemplate that the board shall take into consideration the wishes of neighboring landowners in exercising its discretion, although the board in its judgment may entirely disregard such wishes. According to the record, that was all that was presented to the board at the hearing.

At the hearing before us the petitioner urged that the board in forming its judgment could not properly take into consideration matters not presented in evidence at the hearing although within the knowledge of the board. In this he is clearly in error. Such board is warranted in taking a view of the locality, and it may also in the exercise of its discretion consider matters well known to its members which bear upon the local situation. In doing so it is bound to act without prejudice. As to matters affecting the applicant's interests, which are not well known and apparent, they should not, in fairness to the applicant, be acted upon by the board without giving the applicant an opportunity to be heard thereon. It is perfectly apparent, however, that in this case the board did not act upon secret information, nor upon anything in the local situation which was not open to the observation of all.

Before us the petitioner urged that the application of the zoning ordinance to his land was unconstitutional because he was the owner of the property before the passage of the zoning law, and also that such an application of the ordinance to him without compensation, amounted to a confiscation of his land. As we have held above no constitutional question is before us upon this review. It may be said, however, that the operation of the zoning ordinance assumes to regulate the use of all land prospectively, and

affects all owners of land alike whether such land was acquired before or after the adoption of the ordinance; provided that so-called nonconforming uses, in existence at the time of the passage of the ordinance, are allowed to continue. We have held that when in the circumstances of a particular case the application of an ordinance completely deprived a landowner of all beneficial use of his land, that condition presented such elements of special and great hardship, as would require that a zoning board should exercise its discretion to prevent complete confiscation of the applicant's land without compensation. No such situation is presented here. The applicant may use his land for residential purposes. That such use is reasonable and probably profitable, is shown by certain matters connected with the petitioner himself. There is a wooden frame building now used as a grocery store on one of the lots of land upon which the petitioner intends to build a business structure if his application is granted. This store was on the land at the time of the adoption of the zoning ordinance. Under its provisions he may, if he wishes, continue to use that wooden building as a store. It was stated on behalf of the petitioner at the hearing before the board that, if the petitioner's application should be granted, he intended to move that frame building to another lot on Warwick avenue and would probably convert it into a dwelling house. It also appears from the statements of one of the remonstrants, made at the hearing before the board, which statement was not contradicted, that the remonstrant owned a lot of land on Warwick avenue within two hundred feet south of the petitioner's proposed store building; that the remonstrant bought that lot from Mr. Heffernan and was required to agree with Mr. Heffernan not to use it for business purposes. These two circumstances indicate an opinion on the part of Mr. Heffernan himself that land in that district may be advantageously used for residential purposes.

The petitioner has entirely failed upon review to show an abuse of discretion on the part of the respondent board, or

any reason which would justify us in setting aside its determination.

The petition for *certiorari* is denied and dismissed. The decision of the respondent board is approved. The papers in the case are ordered sent back to the respondent board.

*Edward M. and John J. Sullivan*, for petitioner.
*Daniel P. Macdonald, City Solicitor*, for respondent.