Laura M. Baggs *et al. vs.* Zoning Board of Review
of the Town of Barrington.

FEBRUARY 15, 1952.

Present: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review a decision of the zoning board of the town of Barrington granting to certain applicants an exception under sec. 14 (4) of the zoning ordinance of that town. The writ issued and the respondent board complied therewith by certifying to this court a copy of the record of its proceedings, as authorized by general laws 1938, chapter 342, §8.

The following facts appear from the board's return. Edward J. and Gladys A. Beaver own a building which is located at 237 New Meadow Road in a residence A district in Barrington and is subject to a nonconforming use as an automobile repair shop and service station. George W. Dahl is the lessee of the building. He and Edward J. Beaver, hereinafter called the applicants, applied to the board on February 23, 1950 for permission to subdivide the building and to use the rear portion for an engineering consulting and light manufacturing business. They based their application on sec. 14 (4) of the zoning ordinance which vests the board with the power to "Authorize the change of a nonconforming use to one no more harmful or objectionable in its judgment."

After hearing on the application at which the applicants testified in support thereof and certain remonstrants appeared in opposition thereto, the board reserved decision and took a view of the premises. Thereafter on March 24, 1950 it granted the application on condition that the building shall be divided by a masonry fire wall; that any other construction of ceiling or partitions shall be of fire-resisting materials; that no machinery causing noises shall be operated between 10 p.m. and 7 a.m.; that no machinery or other types of working tools causing noises shall be operated on Sunday; and that no process shall be used which will cause obnoxious odors or fumes.

The board found as facts that with those restrictions the proposed use would be no more harmful or detrimental than a garage; that such use would be no more than a reasonable extension of the existing use; that the intended

manufacturing use was of an unusually innocuous type chiefly concerned with the designing and engineering of working models from sketches submitted by customers; and finally that the use of the building for a garage had been practically continuous since a time prior to the enactment of the zoning ordinance.

The petitioners contend that such decision is illegal and should be quashed because notwithstanding sec. 14 (4) of the ordinance the board was without lawful authority to authorize a change of use. They contend further that, assuming the grant of authority thereunder is valid, there is no substantial evidence in the record upon which the board could reasonably base a judgment that the proposed use was no more harmful or objectionable than the existing nonconforming use. They finally contend that even though there is some evidence to support such a finding the decision is nevertheless erroneous, because the evidence shows that the applicants did not intend to substitute the proposed use for the existing use but intended that the building should be shared by both uses, thus burdening the district with two nonconforming uses. They argue that neither the zoning law nor the ordinance sanctions such a result. We shall consider those contentions in that order.

The first contention is an indirect attack upon the validity of sec. 14 (4) of the ordinance on the ground that it was beyond the powers conferred upon the town council by the zoning law. G. L. 1938, chap. 342. The petitioners did not raise this question specifically in their petition but urged it for the first time in their brief and argument here. Under our practice in certiorari to review decisions of zoning boards of review, a question of the validity of the ordinance should be raised by appropriate allegation in the petition. *Flynn* v. *Zoning Board of Review*, 77 R. I. 118. In this respect such a question is regarded like an allegation of the unconstitutionality of the zoning law itself and unless it is so raised it is not entitled to consideration. *Jacques* v. *Zoning*

*Board of Review,* 64 R. I. 284. Hence for the purposes of the instant case sec. 14 (4) must be presumed to be valid.

However, petitioners argue that they are really attacking not the validity of the ordinance but the jurisdiction of the board to grant a change of use and that such a question may be raised at any time, citing in support of their position *Garreau* v. *Board of Review,* 75 R. I. 44. The short answer to that argument is that sec. 14 (4) of the ordinance expressly confers jurisdiction on the board to "Authorize the change of a non-conforming use to one no more harmful or objectionable in its judgment." In pressing their point of lack of jurisdiction petitioners are necessarily forced to argue first, as they do in their brief, that "the provision of said ordinance purportedly authorizing the Board to permit such change is null and void and otherwise without legal effect." This is an attack upon the validity of the ordinance which, as stated above, cannot be considered in the absence of an allegation to that effect in the petition. On the contrary since the ordinance is presumed to be valid it must be deemed effective to confer jurisdiction.

The situation with which we were faced in *Garreau* v. *Board of Review, supra,* was entirely different. The petitioners in that case, who were applicants before the board, did not rely on a specific exception in the zoning ordinance. In fact they insisted that they were applying, merely as a matter of convenience, for approval of their claim of right to a change of use and not for an exception or a variance. We held that the board did not have *original* jurisdiction of such a claim. We pointed out that an *original* application could not raise a claim of right but could invoke only the board's *discretion* to grant *relief* in a proper case by way of either a variance from the zoning regulations or a specific exception thereto authorized by the ordinance. In the case at bar, unlike the *Garreau* case, the applicants asserted no claim of right to a change of use but applied for relief under a specific exception. And their application was

addressed to the board's discretion under an express provision of the ordinance authorizing them to grant such an exception.

We come now to petitioners' second contention that there is no evidence to support the board's finding that the proposed use would be no more harmful or objectionable than the existing use. From our examination of the record we cannot agree with that contention. In our opinion there was some evidence which tended to show that the kind of manufacturing which applicant Dahl proposed to carry on in the building would not, under the safeguarding restrictions imposed by the board, be *more* harmful or objectionable than the repairing and servicing of automobiles. Its weight was exclusively for the board, as ordinarily in certiorari in zoning cases involving review of the board's exercise of discretion we do not weigh the evidence. *Sweck* v. *Zoning Board of Review,* 77 R. I. 8.

The power granted to the board under sec. 14 (4) is very broad. The question which it must decide thereunder is obviously one of degree and the determination thereof is left to its judgment. In exercising such judgment it must first determine the nature and extent of the harmful and objectionable features of the existing nonconforming use and compare them with those inherent in or likely to accompany the proposed nonconforming use. That is peculiarly a fact-finding duty which a local board composed of residents of a town is likely to be able to discharge with substantial justice although it cannot be denied that such a broad power can also be readily abused. However, we do not think the board has been guilty of such abuse in the instant case.

There is one finding of fact nevertheless which we think is without support in the evidence. The board found that the proposed use would be no more than a reasonable extension of the existing use. Plainly this is not so. Indeed all the evidence proves conclusively that it was a different use of a portion of the premises. Furthermore, the evidence

tends to show that the existing use was not to be discontinued, at least in the front portion of the building. The board apparently was confused in its conception of what is an extension of a nonconforming use. If this were all that the applicants here were seeking there would have been no need for them to invoke sec. 14 (4) authorizing a change of use. *Fiske* v. *Zoning Board of Review*, 72 R. I. 217. While the board's finding on this point was clearly erroneous, we need not determine whether it vitiated the decision as a whole, since we are of the opinion that such decision must be reversed for another and stronger reason based upon petitioners' third contention.

As we observed above, the evidence shows that it is not the intention of the applicants merely to change the use of the premises but they also intend to continue the use of an automobile garage and service station in the front portion of the building in addition to the proposed light manufacturing use in the rear portion. Permission to do this would unquestionably burden this residence A district with two nonconforming uses where originally there was only one. We find nothing in sec. 14 (4) that vests such power in the board. The decision is obviously contrary to the spirit and intent of the zoning ordinance and is quite definitely a grant of far more than a *change* of use as expressly provided by sec. 14 (4). The only reasonable construction of the plain language of such provision is that if a new nonconforming use is authorized it is to take the place of the existing nonconforming use which is thereafter to cease. In other words, the only valid exception that may be granted thereunder must provide for a substituted new use and not for an additional nonconforming use. Since the decision of the board does not conform to the limits of the grant of power in sec. 14 (4) as thus construed, but clearly goes beyond such limits, it is illegal and void and therefore must be quashed.

The petition for certiorari is granted, the record of the respondent board's decision is quashed, and the papers

certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Edwards & Angell, Gerald W. Harrington, Beverly G. Long,* for petitioners.

*Donald A. Kingsley, Town Solicitor,* for respondent.

*Hogan & Hogan, Edward T. Hogan, Jr.,* for applicant George W. Dahl.