Louis Hazen *et al. vs.* Zoning Board of Review of the City of East Providence.

NOVEMBER 12, 1959.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of East Providence denying the petitioners' application for an exception or variance under the zoning ordinance which would permit them to erect a motor hotel on a parcel of land zoned for residential use. The writ was issued and pursuant thereto all pertinent records have been certified to this court.

It appears therefrom that petitioners are the owners of lots numbered 83, 84, and 85 on assessor's plat No. 69, which parcel fronts on Newport avenue for a distance of some 350 feet and has a depth of 250 feet. A dwelling house is presently located on a portion of said parcel.

On March 20, 1959 petitioners filed with the board an application for an exception to, or a variance from, the terms of the pertinent ordinance. The application states that the relief is sought to permit the erection of a motor hotel of forty-one units. The petitioners did not specify therein the particular exception sought, making only a general reference to the provisions of general laws 1956, chapter 45-24, and to the provisions of chap. 43 of the zoning ordinance of the city. However, it appears from their brief that they were seeking the exception provided for in section 15B (6) of the ordinance which reads as follows: "Permit in any district, such modification of the requirements of these regulations as said board may deem necessary to secure an appropriate development of a lot where adjacent to such lot there are buildings that do not conform to these regulations."

The authority of a board of review to grant exceptions is, by the provisions of §45-24-19 of the enabling act, limited to the exceptions it is authorized to pass upon under the zoning ordinance enacted by the local legislature. Pursuant to the provisions of §45-24-13 of such act, the local legislature is given authority to define the limits within which the board of review may so act.

In the instant case the local legislature, in setting forth exceptions that could be granted by the board of review, in sec. 15B provided as follows: "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of *neighboring property will not be substantially or permanently injured*, the Zoning Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows * * * ." (italics ours)

We are of the opinion that the board of review, when passing upon an application for an exception, is required among other things to make a finding on the question of whether or not a grant of the exception sought would, in the circumstances, substantially or permanently injure neighboring property. If the board finds that granting the exception would injure such property it is without authority to act affirmatively upon the petition.

In the instant case at a public hearing held on April 6, 1959 the board heard testimony from two realtors and from neighboring property owners on the question of the effect of a grant of the exception sought on the value of surrounding residential property. It is conceded that this testimony was conflicting. The board thereafter denied the application without attempting to distinguish between the variance applied for and the exception. The decision was brief but did state as a reason for the denial that granting the application would devalue surrounding property. We do not think that it can reasonably be argued that a finding

that the exception, if granted, would devalue surrounding property does not constitute a finding that such property would be substantially injured within the meaning of the ordinance. Having made that finding, the board properly denied the exception.

The petitioners have pressed the argument that the respondent board erred in accepting the testimony of witnesses for the objectors concerning the devaluing effect of the exception as is indicated by the finding that surrounding property would be devalued. This raises a question upon which this court will not pass in the absence of some peculiar and compelling circumstance. The weight to be given the evidence in these cases is for the board, and ordinarily on a petition for certiorari for a review of an exercise of discretion by a zoning board we do not weigh the evidence. *Baggs* v. *Zoning Board of Review,* 79 R. I. 211, 215. This court consistently adheres to the well-established principle that the decision of a zoning board of review will not be disturbed if it is supported by legal evidence and therefore not arbitrary. *Bruzzi* v. *Board of Appeals,* 84 R. I. 220; *Spirito* v. *Zoning Board of Review,* 64 R. I. 411. We are of the opinion that the decision here as to an exception was based on legal evidence and was not arbitrary.

Relying upon the provisions of G. L. 1956, §45-24-19, petitioners also requested a variance, stating in their petition that a strict enforcement of the zoning ordinance of East Providence will result in unnecessary hardship and irreparable damage, and further that the best and most profitable use of the property is not for residential purposes.

What constitutes "hardship" is well settled in this state. As this court held in *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, where it is shown that a literal application of the terms of the ordinance completely deprives an owner of all beneficial use of his land, this would be proof of hardship that would require the board to grant relief so as to prevent complete confiscation of the land without compen-

sation. See also *Winters* v. *Zoning Board of Review*, 80 R. I. 275, wherein this court held that the applicant has the burden of proving that a literal enforcement of the ordinance would result in unnecessary hardship and that a grant of a variance would not be contrary to the public interest.

The fact that the variance would make possible a more profitable use of the property is not a sufficient ground to justify the granting thereof. In *Strauss* v. *Zoning Board of Review*, 72 R. I. 107, at 112, this court stated, "The mere fact that the ordinance did not permit the most profitable use of these premises is not of itself proof that the applicant would suffer an unreasonable and unnecessary hardship by enforcement of the zoning ordinance."

The petitioners further contend that the action of the board was unlawful because "the Board was swayed entirely by the *number* of objectors who appeared at the meeting." They argue that the board in effect abdicated its authority and based its decision on the number of objections received. Had the board so acted, its decision might well have been held to be arbitrary. In *Heffernan* v. *Zoning Board of Review, supra,* this court pointed out that the remonstrances and objections of neighboring property owners are neither conclusive nor binding upon a board of review and may not be taken as requiring such board to reject an application. In the same case, however, the court made it clear that the board in the exercise of its discretion may properly consider the fact that adjacent property owners do object to the granting of the application. It does not appear from the record here that the board failed to exercise its discretion or denied the application solely upon the objections registered with it.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the rec-

113

ords in the case which have been certified to this court are ordered sent back to the respondent board.

*Marvin A. Brill,* for petitioners.

*Sarkis Tatarian,* City Solicitor, for respondent.