165 A.2d 497 (1960)
Joseph W. BEAULAC et ux.
v.
ZONING BOARD OF REVIEW OF the TOWN OF CUMBERLAND.
M. P. No. 1338.
Supreme Court of Rhode Island.
November 17, 1960.
*498 Frank O. Lind, Woonsocket, for petitioners.
Antonio S. Almeida, Pawtucket, for respondent.
PAOLINO, Justice.
This is a petition for a writ of certiorari to review the decision of the zoning board of review of the town of Cumberland denying the petitioners' application for a special exception or a variance under the zoning ordinance of said town for permission to use certain land owned by them in a residence use district as a gasoline service station. Pursuant to the writ the board has certified the pertinent records to this court.
The petitioners' land is designated as lot No. 39 on assessor's plat No. 27. It is a triangular-shaped lot and is located at the junction of Diamond Hill Road and Old Diamond Hill Road. It has a frontage of 196.65 feet on Diamond Hill Road, 200.05 feet on Old Diamond Hill Road and a width of 98.6 feet on its northerly side. The lot is located in a "Residence A-A District" in which, under the zoning ordinance, a gasoline service station is not a permitted use. However, under the ordinance the zoning board of review is vested with discretionary power to grant special exceptions to, or variances from, the terms of the zoning ordinance in certain cases.
Article nine, section 1, subsection 3, of the ordinance provides as follows:
"When in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may, in a specific case, after public notice, at a hearing, and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established, as follows:
* * * * * *
"3. Approve in any district an application for any use or building which Zoning Board of Review finds (a) to be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health; (b) where such use or building is reasonably necessary for the convenience or welfare of the public."
The petitioners desire to use their land for a gasoline service station. Accordingly they filed an application expressly requesting that the board grant them a special exception permitting such use. At the hearing petitioners presented the testimony of a real estate expert who stated that in his opinion the erection of a gasoline service station on the lot in question would not adversely affect the value of surrounding properties. A representative of a major oil company which held an option on said land testified that there was need for a gasoline station in the area.
Several persons appeared in opposition to the application. One of the remonstrants stated that he opposed it because he thought the requested use was not in harmony with the character of the neighborhood and would lower the value of his property. The remonstrants also objected on the grounds that the proposed use would seriously affect traffic conditions in the area and would endanger the safety of school children.
After the hearing the board entered a decision denying the application. Noting that it had taken a view of the premises, the board gave several reasons for its action. It expressly found that the area was wholly residential; that the public convenience and welfare would not be substantially served by the proposed use; that such use would not be in harmony with the character of the neighborhood; that it would cause a traffic hazard since Diamond Hill Road was *499 a much-traveled highway; and, finally, that such use would depreciate the value of surrounding properties.
The petitioners contend in substance that none of said findings is supported by the evidence and that consequently the board clearly abused its discretion in denying the application.
After carefully examining the entire record we are convinced that petitioners' instant contention is without merit. The board's power to grant a special exception under the ordinance is discretionary and is limited to the exceptions it is authorized to pass upon under the ordinance. By the express terms of the ordinance the board's authority to exercise its discretion in passing upon an application for an exception is conditioned upon its prior finding that "the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured." If the board finds, on the basis of competent evidence, that granting the exception would injure such property it is without authority to grant a special exception. Hazen v. Zoning Board of Review, R.I., 155 A.2d 333.
The evidence relating to the effect of the proposed use on the value of neighboring properties is in conflict. The weight to be given to such conflicting evidence was for the board to determine. On certiorari in zoning cases we do not ordinarily weigh the evidence. Baggs v. Zoning Board of Review, 79 R.I. 211, 215, 86 A.2d 658. The decision of a zoning board of review will not be disturbed by this court if it is supported by legal evidence. Bruzzi v. Board of Appeals, 84 R.I. 220, 122 A.2d 877. If there is some evidence in the record upon which the board's decision may reasonably rest it cannot be said that it abused its discretion. Costantino v. Zoning Board of Review, 74 R.I. 316, 322, 60 A.2d 478. The board's finding that the proposed use would adversely affect the value of surrounding properties is based on legal evidence and is not therefore arbitrary.
In view of such finding the board was without power to grant a special exception. Hazen v. Zoning Board of Review, supra. In the circumstances we do not deem it necessary to discuss petitioners' contentions with respect to the board's other findings relating to its denial of a special exception. However, we do deem it pertinent to point out that there is no competent evidence in the record indicating that the land in question was used for business purposes prior to the enactment of the zoning ordinance or that such land is subject to a legal nonconforming use.
Although petitioners expressly stated in their application and at the hearing before the board that they were seeking a special exception, they now argue that they are entitled to a variance. It appears from the language of the board's decision that, even though it was not requested to do so, it did consider the question whether petitioners were entitled to a variance. It expressly found that the character of their land was not such that it could not be used for residential purposes and accordingly concluded that petitioners would not suffer "any practical difficulty or particular hardship" in the circumstances.
On the basis of the record before it the board was justified in making such findings. There is nothing in the evidence indicating that a literal application of the terms of the ordinance deprives the petitioners of all beneficial use of their land. In the absence of such evidence they are not entitled to a variance. Heffernan v. Zoning Board of Review, 50 R.I. 26, 144 A. 674. An applicant therefore has the burden of proving that a literal enforcement of the ordinance would result in unnecessary hardship and that a grant of a variance would not be contrary to the public interest. Winters v. Zoning Board of Review, 80 R.I. 275, 96 A.2d 337. These petitioners have not sustained such burden.
*500 The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records in the case which have been certified to this court are ordered sent back to the respondent board.