181 A.2d 232 (1962)
Harry R.O. MacNEVIN et al.,
v.
ZONING BOARD OF REVIEW OF the CITY OF WARWICK.
M. P. No. 1466.
Supreme Court of Rhode Island.
May 23, 1962.
*233 Thomas H. Needham, Providence, for petitioners.
James R. Morriss, City Solicitor, James P. Quirk, Assistant City Solicitor, of the City of Warwick, for respondent.
Donald P. Ryan, Providence, for applicant.
PAOLINO, Justice.
This is a petition for certiorari to review the decision of the zoning board of review of the city of Warwick granting an exception under section 14.2.3 of the zoning ordinance. We issued the writ and pursuant thereto the pertinent records have been certified to this court.
It appears therefrom that Concetta DiFolco, hereinafter called the applicant, applied for the special exception in order to use her residence as a funeral home. The residence is situated almost in the center of a large parcel of land owned by her at 982 Warwick avenue, a heavily-traveled, four-lane state highway. Her husband is a funeral director and has an interest in the property.
The applicant's land and dwelling front on Warwick avenue and is located between Lakeside avenue and North Country Club Drive. It has an area of about 55,954 square feet, with a frontage of about 230 feet on Warwick avenue and an average depth of about 279 feet. It measures about 220 feet on Lakeside avenue and about 340 feet on North Country Club Drive and is designated as lot 326, assessor's plat 301, which is in a residence A-7 district.
A funeral home is not a permitted use in such district. Under sec. 5.1 of the ordinance the uses permitted therein are dwellings; churches; public, private or parochial schools; colleges; libraries; museums; farms; raising of crops; and accessory buildings and uses. Under sec. 5.2 certain other uses are permitted on approval of the zoning board.
The petitioners and other neighboring property owners in the immediate vicinity objected to the granting of the application. They based their objections, in substance, on the grounds that the area was predominantly residential in character; that the proposed use would substantially alter the character of the neighborhood; that the convenience and welfare of the public would not be substantially served by permitting a funeral home in the area; that the proposed use would create additional traffic problems; that a funeral home was unpleasant; and that such use would adversely affect the value of surrounding properties.
The applicant's husband testified that there was a public need for the proposed use in Warwick and that he would serve anyone who requested his services. Her real estate expert testified that in his opinion the use of this property for a funeral home would not depreciate the value of surrounding *234 properties nor create an additional traffic problem.
In their decision granting the special exception, the board expressly found that the proposed use was reasonably necessary for the convenience and welfare of the public. They stated in effect that they based such finding on a view which they took of the premises and surrounding area, on the testimony presented at the hearing, and on their own knowledge.
They set forth what they saw on their visit to the area and after describing the general character thereof they concluded that a funeral parlor would not greatly increase the traffic; that applicant's plans showed adequate provision for off-street parking; that her lot was so large that it could be used as a funeral home without interference to the neighbors; and that the residential character of the applicant's residence would not be changed by the proposed addition. They clearly indicated that they relied on the real estate expert's testimony that the value of surrounding properties would not be depreciated by the proposed use.
With respect to the statement that they based their ultimate finding in part on their own knowledge, the board expressly stated what such knowledge was in the following language: "it is well known to members of the Board, with present growth of population in our City and from evidence presented at hearing, that there is a need for another funeral home in Warwick * * *."
It is clear from the record that the board granted the application under sec. 14.2.3 of the ordinance, which reads as follows: "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public."
The petitioners do not question the validity of the ordinance or the power of the board to grant special exceptions thereunder in an appropriate case. They do contend, however, that there is no legal evidence in this record to support the board's finding that public convenience and welfare will be substantially served by the location of a funeral home on this particular lot and therefore that the board acted arbitrarily and abused their discretion in granting the exception.
In the posture in which this case is presented the only issue before us is whether there is any legal evidence to support the board's finding that "this exception is reasonably necessary for the convenience and welfare of the public * * *." Whether the public convenience and welfare will be served by a proposed use is a question of fact. Durfee v. Zoning Board of Review, R.I., 180 A.2d 452. As the court said therein, "If there is some evidence in the record reasonably tending to prove such fact even though slight, we will not disturb the board's decision." This is so because ordinarily we do not weigh the evidence on certiorari in cases arising under the zoning law. Hazen v. Zoning Board of Review, R.I. 155 A.2d 333.
In the case at bar there is some evidence that the proposed use is reasonably necessary for the convenience and welfare of the public. Whether it was sufficient to preponderate in the applicant's favor is not a question for us to determine on certiorari. The petitioners' contention that the applicant has not sustained the burden of proof before the board is without merit. Costantino v. Zoning Board of Review, 74 R.I. 316, 322, 60 A.2d 478.
As we have previously stated, in finding that the proposed use was reasonably necessary for the convenience and welfare of the public, the board relied in part upon their own knowledge of conditions in their community and also upon what they saw on the view. The fact that they relied thereon is set forth in their decision. In the circumstances the board had a right, in exercising their discretion, to consider and rely upon what they saw and upon their *235 own knowledge of local conditions. The petitioners' contention to the contrary is without merit. Heffernan v. Zoning Board of Review, 50 R.I. 26, 31, 144 A. 674.
The petitioners further contend that even if there is need of another funeral home in Warwick, there is no evidence that the public convenience and welfare will be served by the location of a funeral home on this particular lot. This contention is without merit. The question whether a funeral home on such lot was reasonably necessary for the convenience and welfare of the public was a question of fact for the board to determine. Buckminster v. Zoning Board of Review, 69 R.I. 396, 402, 22 A.2d 199; Budlong v. Zoning Board of Review, R.I. 172 A.2d 590. It may very well be that other locations might also serve the public convenience and welfare, but this does not mean that the members of the board were without power to grant an exception for the proposed use on this lot if they found, as they did, that such use thereon was reasonably necessary for the public convenience and welfare.
In our opinion the petitioners have failed to sustain their burden on certiorari in this court of showing that the board acted arbitrarily and abused their discretion. Woodbury v. Zoning Board of Review, 78 R.I. 319, 82 A.2d 164. On the basis of the record before us, and considering the conditions which the board attached as to the manner in which the applicant might use her premises as a funeral home and also their findings that the proposed use would not create additional traffic problems or devalue surrounding properties, we are of the opinion that it does not clearly appear that the board acted arbitrarily or abused their discretion in granting the application.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.