*Rosenfield & Rustigian, Thomas H. Rosenfield, Lloyd A. G. Rustigian,* for defendant.

JOSEPH TROVATO *et al. vs.* JOSEPH CHIARADIO *et al,* AS MEMBERS OF THE ZONING BOARD OF THE TOWN OF WESTERLY.

JANUARY 4, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the zoning board of the town of Westerly granting an exception to use a structure as an office building for a period of one year. The writ issued, and the pertinent records have been certified to this court.

It appears therefrom that the applicant for the exception, Thomas R. Fiore, is the owner of a parcel of land lying on the southerly side of Narragansett avenue in the town of Westerly, on which is located the building that is the subject matter of the application. The application, which was filed on December 13, 1961, specifically sought permission to use the building solely by the applicant as an office building pursuant to the provisions of sec. 23 B 2 of the ordinance. Nowhere does the record reveal what particular zoning classification applied to the land under the ordinance at the time the application was filed. The application was amended on February 15, 1962, praying that "the use of the present building * * * as an office building, be granted for the sole use of the petitioner and limited to a period of one (1) year."

The record of the regular meeting of the zoning board held thereafter on April 11, 1962, and at which the application for the instant exception was considered, reveals only that the amended petition was before the board and that it was granted. The pertinent part of the record reads: "Voted: That the petition of Thomas R. Fiore be approved for a period of one (1) year by unanimous vote of Board Members."

The petitioners contend, in substance, that the board's action in granting the exception was illegal by reason of its failure to comply with the provisions of the ordinance concerning giving public notice. They contend further that the decision of the board was arbitrary and constitutes an

abuse of discretion in that there is no evidence in the record upon which it could be sustained.

Authority is conferred on the town council to enact a zoning ordinance in a special enabling act, P. L. 1922, chap. 2299. This act was so amended by P. L. 1925, chap. 746, as to require the town council to appoint a zoning board. Under the provisions of the enabling act, as amended, the board was empowered, inter alia, to authorize special exceptions to the terms of the zoning ordinance under general rules laid down therein. It does not appear that the amended enabling act contained any requirement for the giving of public notice concerning applications pending before the board, whether for exceptions or otherwise. It does appear, however, from certain untraversed averments set out in the petition for certiorari that in par. 12 of sec. 27 of the zoning ordinance of the town the term "Public Notice" of a hearing or proceeding before the board means "5 days' notice of the time and place thereof, printed in a newspaper of general circulation in the Town of Westerly."

If we assume without deciding that under the enabling act the town council, in enacting a zoning ordinance, had authority to include therein the provisions for public notice that are contained in par. 12 quoted above, it does not follow that in the state of the record here this court could determine whether such public notice as was given complied with those provisions. Neither can we determine from the record whether, with respect to petitioners here, noncompliance would be rendered harmless by reason of their having had actual notice of the hearing. There is nothing in the record that reveals the precise notice that was given by publication or that the instant petitioners had actual knowledge of the hearing or in fact appeared at the hearing and were heard to object to the application. In appropriate circumstances such a record may be made sufficient by a further hearing on a remand to the board.

However, it is incumbent upon us to recognize that the record in this case is such as to make it appear that the decision of the board is not supported by any competent evidence and therefore is arbitrary and constitutes an abuse of discretion. The record as certified to us is completely barren of evidence upon which the board could have found that the exception, if granted, would substantially serve the public welfare and convenience or that it would not substantially or permanently injure the use of neighboring properties. Unless the board made appropriate findings on competent evidence in these two respects, it would be without authority to act affirmatively on the application for an exception. See *Hazen* v. *Zoning Board of Review,* 90 R. I. 108, 155 A.2d 333.

This court has said that a board of review, acting within its authority, may predicate its decision upon the well-recognized presumption that zoning boards of review have a special knowledge as to matters that are peculiarly related to the administration of a zoning ordinance. We have further held repeatedly that a zoning board may acquire such knowledge through an inspection of the property under consideration and that the knowledge thus presumed constitutes competent evidence to support the decision of the board. *MacNevin* v. *Zoning Board of Review,* 94 R. I. 407, 181 A.2d 232.

We will not, however, presume that a board did in fact reach a decision on the basis of knowledge so acquired unless it is reasonably disclosed in the record that the board was acting pursuant to such knowledge. *Kelly* v. *Zoning Board of Review,* 94 R. I. 298, 180 A.2d 319. Nothing in the instant record discloses that the board had acted to acquire knowledge concerning the property here under consideration or that, in making its decision, it acted pursuant to knowledge so acquired. We are therefore of the opinion that the decision of the board is not supported by any competent evidence and constitutes an abuse of its discretion.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to this court are ordered returned to the zoning board with our decision endorsed thereon.

*James D. Thornton,* for petitioners.

*Emanuel J. Lauria,* Town Solicitor for Town of Westerly, for respondents.