MAE P. NOYES *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

JANUARY 30, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the zoning board of review of the city of Providence denying the petitioner's application for a variance. Pursuant to the writ the board has returned to this court a certified copy of the records of the proceedings before it.

It appears therefrom that petitioner is the owner of a parcel of land designated as lot 188 on assessor's plat 13 and located at 149 Waterman street in Providence. This lot is now occupied by a large single-family dwelling house and zoned for residential uses. On May 31, 1961 petitioner applied to the respondent board for a variance in the application of the terms of the ordinance so as to permit her to erect a three-story masonry building on this lot. It appears from the application that an advertising agency would occupy two floors of the building, while the third floor would be occupied by petitioner for residence purposes.

The petitioner in her application alleges that the neighborhood has changed from a residential area to one that is predominantly business in character and that as a consequence thereof her property is no longer suitable for residential uses. She states specifically that to restrict her use of the land to those uses permitted in an R-3 zone "would constitute an undue hardship." It further appears from the record that on June 13, 1961 the members of the respondent board inspected the property and thereafter held a hearing on the application.

At the hearing evidence was adduced in support of the application as well as in behalf of those who were opposing the grant of the variance. An expert witness testifying in petitioner's behalf stated that in his opinion she could make no use of her property under the limits of an R-3 zoning classification and that the granting of the variance would not substantially injure surrounding property or impair the public convenience and welfare. Another expert witness testifying in behalf of the objectors was of the opinion that the applicant could make reasonable use of the property

under an R-3 classification and that the variance, if granted, would be contrary to the public interest and would substantially injure surrounding property.

Testimony was also introduced concerning the volume of traffic that uses Waterman street and the amount of traffic generated by the location of doctors' offices in the immediate neighborhood. Some rather substantial testimony was adduced as to the nature of the business conducted by the advertising agency that proposed to occupy the building as well as testimony relating to the effect of the granting of prior exceptions and variances on the residential character of the neighborhood.

The board subsequently denied the application of petitioner, the specific reason stated for the denial being the failure of four members of the board to concur in approval of a grant of the variance as is required by the provisions of the enabling act, G. L. 1956, §45-24-19. The decision of the board is set out in a resolution adopted on July 12, 1961, which reads in pertinent part: "Whereas, three members of the Zoning Board of Review voted to grant the petition of Mae P. Noyes, but in the opinion of two members of the Zoning Board of Review, the encroachment of a strictly commercial use upon the premises where none presently exists would tend to depreciate the value of the surrounding properties, and would also tend to increase the pressing traffic congestion along Waterman Street. Therefore, in accordance with Section 45-24-19 of the General Laws of Rhode Island of 1956, requiring the concurring vote of four members of the Board to decide in favor of an applicant on any matter within the discretion of the Board upon which it is required to pass under such Ordinance or to effect any variation in the application of such Ordinance. Resolved: That the application of Mae P. Noyes is hereby denied."

Section 45-24-19 of the enabling act, to which the board refers specifically in its decision, confers upon zoning boards

of review certain powers and prescribes the manner in which they shall be exercised. These boards are therein vested with appellate jurisdiction with which we are not now concerned. Provision is also made therein for the exercise of an original jurisdiction by these boards to make special exceptions and to grant variances in the application of the terms of an ordinance within those limitations set out in that section of the statute. The pertinent provision concerning the board's power to grant variances reads as follows: "To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Thereafter the legislature prescribed certain limitations upon an affirmative exercise of this power by a board of review. The restrictive provision pertinent in the instant case provides: "* * * and the concurring vote of four (4) members of the board shall be required to decide in favor of the applicant on any matter within the discretion of the board upon which it is required to pass under such ordinance or to effect any variation in the application of such ordinance." It is upon this latter provision of the enabling act that the board rested its denial of the application.

It is clear from an examination of the decision that the board made no express finding as to the existence or non-existence of unnecessary hardship. It does appear therefrom, however, that three members of the board voted to grant the variance without stating any reason for that action. It also appears that the two remaining members of the board made express findings that to grant the variance would have the effect of devaluing surrounding properties and increasing traffic congestion in the neighborhood.

In support of her contention that the board abused its discretion in denying the variance here sought, petitioner asserts, first, that a finding of unnecessary hardship is implicit in the affirmative votes of the majority of the board and, second, that the express findings made by the minority of the board give rise to a necessary inference of the concurrence of the minority in the majority's finding of hardship. These contentions are not entirely without merit. This court has held that when a zoning board of review to act affirmatively is required to find some ultimate fact upon which depends its authority, absent an express finding of that fact, it may be implied from an affirmative decision that could only be formed on the basis of the existence of the ultimate fact in question. *Davis* v. *Zoning Board of Review*, 93 R. I. 484. See also *Lannon* v. *Lannon*, 86 R. I. 451. The difficulty in the instant case, however, is that the board made no affirmative decision in which such an implied finding could be held to inhere.

It is also true that on review of the action of the board it might be reasonably, if not necessarily, inferred that the minority made its express findings concerning the adverse effect of the variance, if granted, upon the public interest because they concurred in the majority's finding of hardship. We are dissuaded, however, from so inferring the concurrence of the minority in the majority's finding of hardship for the reason that to so do could well constitute the superimposition of inference upon inference, a practice usually disapproved by this court. *Saritelli* v. *Industrial Trust Co.*, 84 R. I. 42.

However, if we were to assume without deciding that the majority of the board did make a finding of unnecessary hardship and that the express findings made by the minority warrant an inference of its concurrence in the majority's finding of unnecessary hardship, we would, as petitioner urges, be required to consider the case as one in which a

board of review, having made a unanimous, if implied, finding that unnecessary hardship existed, denied the variance sought on the ground that its grant would be contrary to the public interest. Presenting the case in this posture, petitioner contends that the action of the board in denying the variance was arbitrary because the minority's findings that to grant the variance would have an adverse effect upon the public interest is not supported by any competent evidence in the record.

With this contention we would be unable to agree, for it appears upon an examination of the record that there was substantial and in some degree conflicting testimony on the question of whether the variance, if granted, would devalue surrounding property or increase traffic congestion in the neighborhood. In that circumstance this court would not ordinarily undertake to weigh the evidence. In *Lumb v. Zoning Board of Review*, 91 R. I. 498, 165 A.2d 504, this court said at page 502: "When this court is called upon to review the action of a zoning board of review on certiorari, we will not in the absence of some unusual or compelling circumstance weigh the evidence. Our inquiry ordinarily is limited to ascertaining whether the decision is based upon some legal evidence. Where such legal evidence is found, the decision is not arbitrary and will not be disturbed."

With regard to that conclusion, in her reply brief petitioner argues that the board, having found that unnecessary hardship would result from a literal application of the terms of the ordinance, is without jurisdiction to deny a variance on the ground that, if granted, it would adversely affect the public interest. This argument of petitioner, as we understand it, predicates a misconception on the part of the board as to the effect to be given to that provision of the statute that authorizes the board to grant variances which "will not be contrary to the public interest" in that the board appears to consider this provision as if it were passing upon an application for an exception and considers

it as a condition precedent to its authority to act affirmatively upon an application for a variance. See *Hazen* v. *Zoning Board of Review,* 90 R. I. 108, 155 A.2d 333.

It must be conceded that the decision as stated by the board is susceptible of such an interpretation. Its effect is to raise a question as to whether a board may deny a variance on the ground that, if granted, it would adversely affect the public interest where it had already made a finding that unnecessary hardship had been proved. A substantial constitutional question would be raised in such case. This court has held repeatedly that to deprive the owner of land of all beneficial use thereof by a literal enforcement of a zoning ordinance would be confiscatory and that it is the duty of a board to exercise its discretion to avoid such confiscation. *Denton* v. *Zoning Board of Review,* 86 R. I. 219, 221; *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, 32.

It is our opinion that the instant case emphasizes the desirability of a precise and clear exercise of the fact-finding power conferred upon boards of review by the enabling act. *Robinson* v. *Town Council,* 60 R. I. 422. Because of an inadequate exercise of the fact-finding power of the board we are confronted with a substantial question of statutory construction that might well not have arisen had there been an adequate exercise of the board's fact-finding power. However, be that as it may, we are of the opinion that it would be most inappropriate to construe the pertinent provision of the statute on the basis of a fact situation that arises entirely out of implication. On the other hand, we recognize the injustice that would be done petitioner here if we were to reject completely her contentions concerning those inferences which she asserts are warranted by the findings that the board did make. Only on the basis of speculation could we conclude that the board reached its decision to deny the variance here sought on the ground that there had been a failure to establish unnecessary hardship. Such spec-

ulation this court will not attempt. *Berg* v. *Zoning Board of Review,* 64 R. I. 290.

It is our opinion that it is the duty of a board of review to exercise the fact-finding power conferred upon it to such an extent that the ultimate facts upon which its decision rests are sufficiently stated to enable this court to intelligently determine on review by certiorari that error of law either does or does not inhere in that decision. This court on many occasions in seeking to avoid putting parties to further inconvenience through a remand of the cause has undertaken to overcome deficiencies in the decisions of boards called here on the writ. *Winters* v. *Zoning Board of Review,* 80 R. I. 275, 277. This we have done, however, only within well-established rules of law. In the instant case it is our opinion that the ends of justice will best be served if the respondent board reconsiders the application of the petitioner and bases such determination as it may then make on an adequate exercise of its fact-finding power.

The petition for certiorari is granted, the record of the decision denying the petitioner's application for a variance is quashed, and the records certified are sent back with instructions to the board to reconsider such application in accordance with this opinion, reserving to the board the right to hear further evidence if it so desires.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, *Tillinghast, Collins & Tanner, Richard L. Thompson,* for respondent.