JOHN J. KELLY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

APRIL 26, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Providence denying the petitioner's application for an exception authorizing the extension of a nonconforming use now being conducted in a building located on lot 54 of assessor's plat 6 on Hope street in that city. This property is presently in a residential R-2 zoning classification. The writ issued, and pursuant thereto the respondent board certified to this court the records of the proceedings in the case.

It appears therefrom that petitioner, a funeral director, owns the Hope street property and that for about thirteen years he has been using the building thereon located in part as a residence for his family and in part as a funeral home. That the use thus being made of the property constitutes a lawful nonconforming use under the ordinance is not disputed. It appears further from the record that petitioner

proposes to erect a one-story addition to the present building in which there would be located a lounge and an additional layout room, so called. Included also in the record is a plot plan filed by petitioner, in which it is indicated that space for off-street parking would be provided for four automobiles.

The petitioner has made application for a particular exception provided for in the ordinance which provides for the authorization of an extension of a nonconforming use within the confines of the same lot on which that use has lawfully been carried on. He refers expressly to sec. 23 of the ordinance, which relates to nonconforming uses. In subsec. E thereof provision is made for a special exception to so extend a nonconforming use and reads as follows: "The regulations of this Section pertaining to nonconforming uses and buildings shall not preclude the extension of such nonconforming uses or buildings upon the same lot occupied by such use or building at the time this Ordinance became effective, if first approved by the Board as provided for in Sections 91 and 92."

On September 19, 1961 the board made an inspection of the property of petitioner and thereafter on the same day held a hearing on his application. It appears from the transcript that it was of brief duration and that no person appeared thereat to object to the granting of the exception. The transcript reveals that there was some discussion between petitioner and members of the board concerning the problem of parking in the vicinity of funeral homes and the adequacy of such off-street parking space as petitioner proposed to provide.

However, the record includes a letter from the traffic engineering department in which the traffic engineer stated that his department had no objection to the plan for off-street parking submitted by petitioner. Also included in the record is a letter from the city plan commission wherein the director of that commission recommended that the ap-

plication be denied. The reasons for this recommendation as stated in the letter are: "The granting of this petition would overcrowd the lot and the increased commercial use on this lot would lower adjoining property values in this good residential neighborhood."

The board thereafter by a unanimous vote adopted a resolution denying the application. They set out therein that they had inspected the property, had examined and weighed the evidence, and stated the grounds on which they denied the application as follows: "* * * in the opinion of the members of the Zoning Board of Review, the erection of the proposed addition for an additional layout room, without providing for adequate off-street parking facilities, would tend to substantially increase the traffic and parking problems in the area and would also tend to lower adjoining property values of the surrounding predominantly residential neighborhood * * *."

The petitioner contends that the denial of his application on the ground that his proposed provisions for off-street parking were inadequate constitutes an abuse of discretion. This is so, he argues, because the proposed off-street parking facilities comply fully with the requirements for such parking set out in sec. 24C 2 (d) of the ordinance, which subsection is concerned with the off-street parking facilities required for certain commercial uses. Whether this subsection has application in the instant case we need not decide, it being clear from the record, in our opinion, that the denial was predicated upon the board's conclusion that they were without authority to grant the exception sought pursuant to the provisions of sec. 92 of the ordinance.

Section 92 provides that the board may make certain prescribed special exceptions to the terms of the ordinance "when in its judgment the public convenience and welfare will be substantially served, or the appropriate use of neighboring property will not be substantially or permanently injured * * *." In *Hazen* v. *Zoning Board of Review*, 90 R. I.

108, 155 A.2d 333, this court held that when a board of review passes upon an application for an exception under an ordinance containing this or a similar provision, it is required, among other things, to make a finding as to whether a grant of the exception would substantially or permanently injure neighboring property and then said at page 335: "If the board finds that granting the exception would injure such property it is without authority to act affirmatively upon the petition."

When the board's reasons for denying the exception are viewed in the light of the record here, it becomes clear, in our opinion, that they denied this application because they had concluded that they were without authority to grant the exception, having found that the inadequacy of the proposed off-street parking facilities would substantially injure neighboring property.

The petitioner, however, also questions the validity of the board's exercise of their fact-finding power. This contention, as we understand it, raises a question as to whether there is in the record any legal evidence to support a finding that the inadequacy of the parking facilities proposed at the funeral home would result in substantial or permanent injury to neighboring property. There is merit in this contention. It is settled that this court, when reviewing a decision of a board of review on certiorari, will not weigh the evidence contained in the record, but it will examine the record for the purpose of ascertaining whether there is any legal evidence therein to support the decision of the board. Where there is legal evidence upon which the decision of the board may reasonably rest, it will not be disturbed. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 161 A.2d 198. Upon an examination of the record here, it is our conclusion that there is therein no legal evidence upon which the decision of the board could reasonably rest.

In the first place, the record is devoid of any testimony that the erection of the proposed addition to the funeral

home would be accompanied by an increase in petitioner's business that would result in the generation of increased traffic in the neighborhood or the intensification of any traffic congestion therein. In fact, there is no evidence in the record concerning the extent to which the conduct of petitioner's business presently generates traffic or that any congestion results therefrom. Neither is there any testimony that in the circumstances an increase in the volume of traffic moving in the area would have an adverse effect upon the value of surrounding properties.

There is in evidence the letter in which the director of the city plan commission concludes that the erection of the addition would result in an increased commercial use of the lot and would lower the value of surrounding properties. This letter constitutes a bare statement of a conclusion without supporting evidence and without any qualification of the writer as an expert. Neither does it appear that the record contains any evidence tending to prove that the erection of the addition would increase the commercial use of the lot or that such an increase in the commercial use would affect adversely the value of the neighboring properties.

It is true that a board of review is presumed to have a special knowledge of matters that are peculiarly related to the administration of a zoning ordinance and of local conditions as they are affected by the provisions of a zoning ordinance. *Harrison* v. *Zoning Board of Review*, 74 R. I. 135, 141; *Pistachio* v. *Zoning Board of Review*, 88 R. I. 285. It is also true that a board of review may properly act on applications for an exception on the basis of knowledge that it has acquired through the making of an inspection of the property to which the application refers. *Lawson* v. *Zoning Board of Review*, 85 R. I. 54, 60.

However, while this court will presume the possession of such special knowledge by these boards of review, it will not presume that in making a challenged decision the board acted pursuant to such special knowledge in the absence of

some disclosure to that effect in the record. *Perrier* v. *Board of Appeals,* 86 R. I. 138, 146. Neither will this court presume that a board reached a decision pursuant to knowledge acquired by it through an inspection of the property under consideration. To sustain a decision on the basis of the board's acting on knowledge acquired by inspection, the record must contain some reasonable disclosure as to the knowledge so acquired and their action pursuant thereto. *Buckminster* v. *Zoning Board of Review,* 68 R. I. 515.

We are unable to perceive anything in the instant record which discloses that the board in deciding that a grant of the exception here sought would lower the value of neighboring properties acted pursuant to any special knowledge they are presumed to have or knowledge that they acquired by their inspection of the premises. In these circumstances we are constrained to conclude that there is in the record here no legal evidence upon which the decision of the board can reasonably rest, and it is our opinion, therefore, that the decision was arbitrary and constituted an abuse of discretion.

The petition for certiorari is granted, the board's decision is quashed, and the records certified are ordered returned to the board with our decision endorsed thereon.

*Francis B. Brown,* for petitioner.

*William E. McCabe,* City Solicitor; *Harry Goldstein,* Assistant City Solicitor, for respondent.