## Mae P. Noyes *vs.* Zoning Board of Review of the City of Providence.

NOVEMBER 27, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the zoning board of review of the city of Providence denying the petitioner's application for a variance.

Pursuant to the writ the board have returned to this court a certified copy of the record of the proceedings before them.

The property, which is located on Waterman street and zoned for residential uses, is owned by petitioner and is presently the site of a large single-family residence. The application specifically seeks permission to replace the existing dwelling with a business building, the major portion of which would be the offices of an advertising agency while the remaining portion would be used by the applicant as a residence.

The application was originally filed on May 31, 1961 and after a hearing thereon was denied by the board on July 11, 1961. The applicant thereafter, pursuant to a writ of certiorari authorized by G. L. 1956, §45-24-20, brought that decision to this court for review. See *Noyes* v. *Zoning Board of Review*, 94 R. I. 15, 177 A.2d 529, wherein is contained an extended discussion of the facts material to the issues in this case.

In the course of that proceeding three members of the respondent board voted to grant the application but the two remaining members, hereinafter referred to as the minority, did not concur. Concerning this the decision of the board read: "Therefore, in accordance with Section 45-24-19 of the General Laws of Rhode Island of 1956, requiring the concurring vote of four members of the Board to decide in favor of an applicant on any matter within the discretion of the Board upon which it is required to pass under such Ordinance or to effect any variation in the application of such Ordinance. Resolved: That the application of Mae P. Noyes is hereby denied." Section 45-24-19 provides in part that the concurring vote of four members of the board of review shall be required to decide in favor of an applicant who seeks to vary the application of the terms of a zoning ordinance.

The applicant, as the petitioner in that proceeding, had vigorously pressed certain contentions upon which she based

her right to a variance on the theory that the vote of the majority of the board by clear implication constituted a finding of the unnecessary hardship contemplated by the statutory provision providing for the granting of variances. She further argued that the character of the finding expressly made by the minority was such as to necessarily imply that they too found that a literal application of the terms of the ordinance would result in the unnecessary hardship prerequisite to the granting of a variance.

This court in the prior opinion made clear our doubt as to the appropriateness of considering these arguments, and particularly that concerning the minority finding, because we were unable to conclude, as did petitioner, that the finding of the minority was reasonably susceptible of an inference that she had proved the unnecessary hardship. In that circumstance this court granted the petition for certiorari, quashed the decision denying the application for the variance, and remanded the cause to the respondent board with directions that they again consider the application, revealing in their decision thereon the ultimate facts upon which it rests. *Noyes* v. *Zoning Board of Review, supra.*

Pursuant to such mandate the respondent board on February 27, 1962 conducted a hearing at which they again considered the application. By a resolution enacted on February 28, 1962 the board denied the application, stating that in the course of their deliberations three members thereof voted to grant it for the reason that the applicant "had established unnecessary property hardship," while two members voted to deny the application "on the grounds that a literal enforcement of the provisions of the Ordinance would not result in unnecessary hardship * * *." The resolution then concludes that, because of the provisions of §45-24-19 which require the concurring vote of four members of the board to decide favorably upon an application for a variance, the application is denied.

204

The record, as extended by the board's subsequent action, makes clear their understanding that the cause was remanded by this court for their further consideration because of the ambiguity inhering in their prior decision concerning their finding, if any, upon he question of unnecessary hardship. The record now makes clear the nature of their finding on that issue, the board dividing three to two on the issue of whether unnecessary hardship had been established by the evidence. The board then concluded that, by reason of the limitation upon the exercise of their fact-finding power arising under §45-24-19, they were without jurisdiction to grant the application. This is consistent with the view this court took of that portion of the statute in *May-Day Realty Corp.* v. *Zoning Board of Review*, 77 R. I. 469, 474.

In the instant proceeding petitioner argues that there is in the record no evidence to support the minority's finding that unnecessary hardship had not been established. She contends specifically that on the undisputed facts the finding of the minority cannot be sustained, and that the testimony of the realtor on behalf of the objectors as an expert, who stated that the enforcement of the residential zoning classification now in effect would not result in unnecessary hardship, does not constitute legally competent evidence on that issue.

We assume petitioner means that the only evidence in the record tending to prove that a literal application of the present zoning classification would not result in unnecessary hardship to petitioner inheres in the testimony of the realtor and that such testimony is incompetent by reason of being completely without probative force. We are unable to agree with the conclusion thus reached by petitioner who, in our opinion, is questioning the weight of such testimony.

At the hearing before the respondent board petitioner conceded the expert qualification of the realtor who testi-

fied on behalf of the objectors. His opinion that an application of the zoning ordinance would not result in unnecessary hardship to petitioner was predicated on his knowledge of the property involved and of the neighborhood. The attack on the competency of his testimony as evidence is based entirely upon his admission that he did not inspect the interior of petitioner's house prior to so testifying. Obviously while a lack of such inspection might well impair substantially the weight to be given his testimony, it does not, in our opinion, deprive it of its character as legally competent opinion evidence. It is perhaps appropriate to note that this court will not ordinarily pass upon the weight of evidence when reviewing a decision of the zoning board of review. *Lumb* v. *Zoning Board of Review,* 91 R. I. 498, 165 A.2d 504.

We are of the opinion that there is no merit in petitioner's contention as to the probative thrust of the undisputed facts in the record. She argues, as we understand her, that such facts are susceptible of only inferences that will tend to prove a loss to her of all beneficial use of her property if the present zoning classification remains in effect.

We cannot agree that the undisputed facts are not susceptible of a reasonable inference that petitioner may have some beneficial use of her property under its present zoning classification as a residential area. It is to be conceded that in all the circumstances some such potential use may not constitute the most profitable use to which the property could be put, but the mere showing of a loss of some more profitable use does not constitute the hardship contemplated in the enabling act as warranting the grant of a variance. *Hazen* v. *Zoning Board of Review,* 90 R. I. 108, 155 A.2d 333. It is our opinion that the undisputed evidence in the record here is susceptible of a reasonable inference that the property under its present zoning classification may be put to some beneficial use.

The decision of the minority of the board may be sustained as supported by competent evidence on the basis of another well-settled rule. It appears that the board made an inspection of the property in the neighborhood prior to conducting the first hearing. It appears further that the minority, in reaching their decision, acted in part at least on the basis of knowledge acquired by their own observations of the property and the neighborhood. Such decision, as extended, reads in pertinent part: "The minority base their reasons therefore on observation of the area and the testimony adduced at the hearing, including that of expert witnesses who testified for the objectors." In our opinion the record thus discloses that the board, and more particularly the minority thereof, based their decision upon information and knowledge that they had acquired by reason of their observations.

In *Monforte* v. *Zoning Board of Review*, 93 R. I. 447, 176 A.2d 726, this court said: "It is the well-settled law in this state that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered by this court to constitute legal evidence sufficient to support such a finding." We reiterated our adherence to this view in *MacNevin* v. *Zoning Board of Review*, 94 R. I. 407, 181 A.2d 232.

It is our opinion that in the instant proceeding the record discloses clearly that the board reached their decision pursuant to knowledge and information, including some that was acquired by their own observations, as well as that which will be presumed to be possessed by the board by reason of the character of their function. In these circumstances this knowledge constitutes competent evidence that is sufficient to sustain the decision of the minority. Be-

cause we conclude that the decision of the minority of the board is supported by competent evidence, it will not be necessary to consider other contentions advanced by the petitioner.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the respondent board is affirmed, and the record in the case certified to this court is ordered sent back to the respondent board with our decision endorsed thereon.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for the City of Providence.

*Tillinghast, Collins & Tanner, Richard F. Staples,* for respondent.