**206 A.2d 524.**
GEORGE A. SCHOFIELD, JR., *et al. vs.* ZONING BOARD OF
REVIEW OF THE CITY OF CRANSTON.

JANUARY 28, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the zoning board of review of the city of Cranston denying the petitioners' application for permission to use a parcel of land located in a residential zone for the operation of a retail produce business. The writ issued, and pursuant thereto the respondent board has certified its records to this court.

It appears therefrom that petitioner George A. Schofield, Jr. is the owner of the parcel of land under consideration, which is located on Garden City Drive in that city and is zoned for residential uses. The area of the parcel is about 4,356 square feet, and it is bisected by a small stream known as the Pocasset River and a sewer pipeline located thereon pursuant to an easement. The petitioners disclose that if the use restrictions of the lot are changed, a potential purchaser plans to erect a cinder-block building thereon for use as a retail store for the sale of fruit and produce. The petitioners seek relief specifically by way of exception under the provisions of sec. 27B (8) and (9) of the zoning ordinance or a variance under the provisions of sec. 27C thereof.

It appears from the record that the board of review made an inspection of the premises and on September 11, 1963 conducted a hearing on the application whereat a substantial amount of testimonial evidence was adduced on the issues raised. On December 16, 1963 the board acted on the application three members voting to grant and two members voting to deny it. It is not disputed that pursuant to the pertinent provisions of G. L. 1956, §45-24-19, the authority of a board of review to grant either an exception or a variance is predicated upon the concurrence of four of its five members in the vote to act affirmatively on the application. Neither is it disputed that a minority may

make findings other than those of the majority and that such findings will not be disturbed by this court on review when supported by legally competent evidence disclosed in the record. See *Noyes* v. *Zoning Board of Review,* 95 R. I. 201, 186 A.2d 70. It appears from the record in the instant case that the minority made specific findings that would be dispositive of the application, whether it be viewed as seeking an exception or a variance, and which, if supported by legally competent evidence, would not be disturbed by this court on review.

The exceptions sought by petitioners are set out in sec. 27B of the ordinance wherein provision is made for the granting of special exceptions when the board of review finds "in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured * * *." Ordinance provisions of this character set out conditions precedent to an exercise of the board's authority to grant an exception, and when a board finds that an exception, if granted, will substantially injure surrounding properties, the board is left without authority to act affirmatively on the application. *Hazen* v. *Zoning Board of Review,* 90 R. I. 108. In the instant case the minority found specifically that if either exception sought was to be granted "the appropriate use of neighboring property will be substantially and permanently injured * * *."

The petitioners, it appears, sought also a variance under sec. 27C of the ordinance which, it is settled, may be granted by a board of review only pursuant to the provisions of G. L. 1956, §45-24-19(c). *Mello* v. *Board of Review,* 94 R. I. 43. 177 A.2d 533. The statutory provision to which reference is thus made authorizes a board of review to grant a variance only when it is shown that a literal enforcement of the terms of the zoning ordinance will result in unnecessary hardship in that it deprives the owner of all beneficial

use of his land. The minority in the instant case, again making a specific finding, said: "A literal enforcement of the provisions of the zoning ordinance will not result in unnecessary hardship."

The record is replete with legally competent evidence supporting the findings made by the minority. In the first place, the testimonial evidence on the issues of unnecessary hardship and the injurious effect of the exception on neighboring properties is substantial and susceptible of reasonable inferences establishing the facts upon which the minority rests its findings. One witness, a physician whose testimony as to his professional experience is persuasive of his qualification as an expert, stated that the conduct of a produce business on the lot would increase an existing infestation thereof by insects and rodents and would extend such infestation to surrounding homes. In this respect it is to be noted that the potential operator of the produce store conceded in his testimony that the business would involve accumulations of waste material although he asserted that it would be cared for in a proper manner and removed frequently from the premises.

Several witnesses who live in the vicinity of the lot in question testified concerning the volume of traffic using the highway at the present time and as to traffic congestion that presently results from observation of a stop sign at the intersection of Garden City Drive and Pontiac avenue. This testimony was to the effect that the traffic is increasing and that hazardous conditions are developing, particularly with respect to residents' use of their driveways. Evidence of this character is probative on the issues involved, and it is for a board of review to find the facts thereon. Absent some exceptional circumstance this court will not weigh the evidence but will leave undisturbed such findings. This rule clearly has application to the findings of the minority of the board of review in the instant case.

The minority made an inspection of the premises and disclosed in the record the nature of the information thereby acquired. The record discloses that they observed that the Pocasset River is a small stream; that they noticed no unpleasant odors in the vicinity of the river; that the sewer line is entirely below ground and fully enclosed; and that the character of the neighborhood is residential. They stated also on the basis of their own knowledge as members of the board that this lot could be filled and used for residential purposes; that the character of the neighborhood is predominantly residential; and that any business use of this lot would have an injurious effect on the value of surrounding homes.

It is settled that a board of review, in acting on applications for exceptions and variances, may base its findings on knowledge acquired by the making of an inspection of the premises. It is settled also that this court will presume that the members of a board of review possess an expertise as to matters peculiarly related to the administration of the zoning ordinance. *Kelly* v. *Zoning Board of Review*, 94 R. I. 298, 180 A.2d 319. When the pertinent record discloses that a board reached its decision on the basis of such acquired and presumed knowledge, the decision will be sustained. In the instant case the minority of the board, in making the findings on which it rested its decision to deny both the exception and the variance, acted on the basis of disclosed knowledge acquired by its observation of the premises and by the expertise imputed to them as members of a board of review. In the circumstances it is our opinion that the minority decision is supported by legally competent evidence in the record and for that reason it will not be disturbed.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The records in the case which

have been certified to this court are ordered sent back to the board.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* for petitioners.

*Christopher T. DelSesto, Jr.,* Assistant City Solicitor, for respondent,