DECISION
Before this Court is an appeal from a decision of the North Providence Zoning Board of Review (Board). Kaira Construction and Richard Almonte[1]
(Appellants) seek reversal of the Board's decision of March 15, 2001, denying Appellants' application for a dimensional variance. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
Appellants own Lot 435, comprising approximately 4,500 square feet and located in a Residential General Zone (R8 Zone) on the North Providence Tax Assessor's Plat 5. Mr. Almonte purchased the property in question in 1992 from Roger and Francoise Cousineau. Appellants applied to the Board for relief from Article IV Section 413 of the North Providence Zoning Ordinance (Ordinance), which governs prerecorded substandard lots of record. Appellants sought to build a single family residence on the vacant lot.
Appellants requested relief in the form of a dimensional variance because the disputed property is an undersized lot in that 8,000 square feet are required to build in an R8 zone according to the current Ordinance. The Board held public meetings on February 15, 2001 and March 15, 2001. The Board heard testimony from Appellants' attorney, as well as various objectors.
The parties who testified in opposition to the requested relief included Jeffrey DiDomenico, Kelli DiDomenico and Kevin DiDomenico. Essentially, these neighbor objectors argued that the Board should not grant the Appellants' application since Mr. Almonte, a commercial builder, was aware when he bought the lot in question that it was undersized and therefore outside the minimum requirements as set forth in the Ordinance. The Board also heard from Mr. Almonte, who argued that the lot fits into the category of a prerecorded substandard lot of record, thereby permitting the Board to grant relief. The Board took a roll call vote with three members voting to grant Appellants' application and two members voting to deny the requested relief. This voting alignment resulted in Appellants' application being denied since at least four votes are required to grant an application before a Zoning Board pursuant to G.L. 1956 § 45-24-57 (2)(iii). The Board issued a written opinion on June 28, 2001.
A timely appeal was filed by Appellants on July 20, 2001. On appeal, Appellants argue that the Board's decision was clearly erroneous, arbitrary and capricious in that a majority of the Board voted to grant the application. Further, Appellants argue that the Board, on multiple prior occasions, granted dimensional variance relief to numerous lot owners in the surrounding area.
 STANDARD OF REVIEW
General Laws § 45-24-69(D), which directs this Court in its review of a decision of the Zoning Board of Review on appeal, provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This Court, while reviewing an appeal from a decision of the Zoning Board of Review, "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Restivov. Lynch, 707 A.2d 663, 665-6 (R.I. 1998) (citing Salve Regina Collegev. Zoning Board of Review of Newport, 594 A.2d 878, 880 (R.I. 1991)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla, but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 824-5 (R.I. 1978)). "To that end a reviewing court should exercise restraint in substituting its judgment for the judgment of the zoning board which is based on the evidence before it." Hein v.Town of Foster Zoning Board of Review, 632 A.2d 643, 646 (R.I. 1993) (citing Mendosa v. Corey, 495 A.2d 257 (R.I. 1985)).
 ADEQUACY OF WRITTEN DECISION
Pursuant to G.L. 1956 § 45-24-61, the Board is required to include in its decision all findings of fact and conditions. Our Supreme Court has long noted that zoning boards must "make express findings of fact and should pinpoint the specific evidence upon which they base such findings." Hopf v. Board of Review of City of Newport, 102 R.I. 275, 289, 230 A.2d 420, 428 (R.I. 1967). It is a prerequisite that the zoning board make factual determinations as opposed to mere conclusional statements so that a reviewing court may resolve evidentiary conflicts.See Bernuth v. Zoning Board of Review of the Town of New Shoreham,770 A.2d 396 (R.I. 2001). "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. at 401. "[D]ecisions [should]. . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting [variance] relief, as set forth in § 45-24-41
(c) and (d)." Id. (citing Sciacca v. Caruso, 769 A.2d 578 (R.I. 2001)).
Here, the Board simply recited boilerplate language in its written decision. The only findings of fact pertain to the statutory requirements for a dimensional variance. Specifically, the Board found that the "proposed use would not alter the general characteristics of the surrounding neighborhood" and the relief requested "was not a result of prior actions of the applicant." (See June 28, 2001 Board decision). The only other findings, as to the variance requested, include "that the relief requested was the least relief necessary and that the quality of life in the surrounding neighborhood would not be diminished." Id.
The scant findings appear to support the granting of Appellants' requested relief. Nonetheless, Appellants' application was ultimately denied due to the three-to-two voting outcome. This by itself, however, is not dispositive. The Rhode Island Supreme Court upheld a Zoning Board's denial of a variance request, with a three-to-two voting alignment, when the record was replete with evidence upon which the voting minority relied. See Schofield et al. v. Zoning Board of Review ofthe City of Cranston, 99 R.I. 204, 206 A.2d 524 (R.I. 1965). Obviously, in the instant matter, there was disagreement among the various Board members regarding the appropriate resolution of Appellants' application for dimensional relief. However, the reasons for disagreement are not clearly spelled out in the record.
From the record before it, this Court is unable to discern the facts actually relied upon by the voting members of the Board. For example, the Board's written decision states that a site visit was conducted by the members. Nonetheless, this Court is not told what effect, if any, this personal observation had on the Board members' final determinations. SeeKelly v. Zoning Board of Review, 94 R.I. 298, 180 A.2d 319 (R.I. 1962) (finding that an appellate court will not presume that a zoning board reached its decision based on facts acquired through an inspection and that if such facts are in fact relied upon, they must be disclosed in the record); see also Toohey v. Kilday, 415 A.2d 732 (R.I. 1980) (holding a zoning board may consider factors obtained through observation and inspection). Also, the record indicates that the North Providence Planning Board had previously issued a recommendation to the Zoning Board to deny Appellants' application for relief because it did not comply with the Comprehensive Plan. Again, this Court simply does not know which facts swayed the opinions of the voting Board members.
Thus, the Board should have made specific findings and indicated the reasons for the respective points of view. The record is devoid of any such findings. More specifically, the record does not evidence the basis for the respective decisions of the Board members who voted to deny the Appellants' request for relief. Adequate findings are vital to the proper determination of any zoning appeal.
 CONCLUSION
After a careful review of the record, this Court finds that this matter should be remanded to the Board for specific findings. The Board is instructed to draft more detailed findings that are consistent with this opinion, including the factual and legal principles relied upon by each Board member. The Board shall have sixty (60) days within which to submit a revised record to this Court.
Counsel shall submit the appropriate order for entry.
[1] Mr. Almonte is the owner and operator of Kaira Construction Inc. . The disputed parcel was transferred from Mr. Almonte to Kaira Construction subsequent to his purchase in 1992.